**AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN and American Family Mutual Insurance Company, Appellants,**

v.

**Pamela Jean BAKEHORN f/d/b/a Pamela J. Bakehorn Agency, Appellee.**

**No. S92–499M.**

United States District Court, N.D. Indiana, South Bend Division.

Oct. 22, 1992.

John W. Van Laere, South Bend, Ind., for appellants.

Steven J. Glaser, Fort Wayne, Ind., for appellee.

## MEMORANDUM AND ORDER

MILLER, District Judge.

American Standard Insurance Company of Wisconsin and American Family Mutual Insurance Company appeal the bankruptcy court's orders of May 27, 1992 (setting the day for filing a complaint of nondischargeability or objections to discharge) and June 23, 1992 (denying appellants' motion to allow filing of complaint and objection to discharge). This court has jurisdiction pursuant to 28 U.S.C. § 158(a). Because the appeal involves no findings of fact, the court's standard of review is *de novo*.

Debtor Pamela Bakehorn filed a Chapter 7 petition on July 25, 1991. She did not list the appellants as creditors. Her debts were discharged on November 5, 1991, and

her bankruptcy case was closed on November 14, 1991. On April 1, 1992, the appellants filed suit against Ms. Bakehorn in a state court, alleging that she engaged in acts of conversion by intentionally exercising unauthorized control over funds and assets properly belonging to the appellants. The state court defaulted Ms. Bakehorn on May 22.

On May 15, Ms. Bakehorn's counsel moved to reopen the bankruptcy case to add one of the appellants (American Family) as an unsecured creditor. The bankruptcy court granted the motion to reopen and, on May 27, entered an order and notice to additional creditors that stated, in pertinent part,

2. The last day for filing a complaint to determine dischargeability of debts pursuant to 11 U.S.C. § 523(c) is October 28, 1991.

3. The last day for filing objections to the discharges of the debtor, pursuant to 11 U.S.C. § 727 is October 28, 1991.

The appellants received the order reopening the case on May 28, and received the May 27 order and notice on June 15. In the meantime, on June 4, the bankruptcy court closed the bankruptcy case for a second time. On June 16, the appellants filed a motion to allow them to file a complaint to determine dischargeability or to file an objection to the discharge, noting that the May 27 order had set a date more than six months before the reopening for the doing of such things.

The bankruptcy court denied the appellants' motion on June 23 on the ground that "pursuant to Bankruptcy Rule 4004(b) and 4007(c), the court has no authority to extend the time for filing complaints objecting to a debtor's discharge or to determine dischargeability of debt after those deadlines have expired." The appellants challenge that order, as well as the May 27 order.

Read alone, the appellants' brief makes a strong case for reversal. They assert that they did not receive notice of the filing of the bankruptcy case and had no knowledge of the bankruptcy proceedings until after the case was closed for the first time in

November 1991. Accordingly, the appellants seek refuge from Bankruptcy Rule 4007(c)—which authorizes extensions of the deadline for filing a complaint to determine dischargeability, but only if the motion precedes the deadline's expiration—in 11 U.S.C. § 523(a)(3)(B):

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\*      +      \*      \*      \*      \*

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

\*      \*      \*      \*      \*      \*

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such subparagraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request. . . .

■ Under this section, a debt is not discharged if it was not scheduled on the list of creditors in time to permit timely action by the creditor to protect his rights, unless the creditor had notice or actual knowledge of the case. *See In Re Barley*, 130 B.R. 66 (Bankr.N.D.Ind.1991). The debtor bears the burden of proving that the complaining creditor obtained notice or actual knowledge of the bankruptcy in time to protect its rights. *Id.*

■ The appellants persuasively argue that they fall under the provisions of 11 U.S.C. § 523(a)(3)(B); at issue in this case, however, is not whether their debt is dischargeable, but whether the bankruptcy court erred in denying their motion for extension of time. The appellants mistakenly contend that the bankruptcy court orders discharged their claims against Ms. Bakehorn without due process. The court's orders did no such thing. The bankruptcy court did not err in denying the appellant's motion for extension of time

because, if as appellants assert, they fall under the provisions of 11 U.S.C. § 523(a)(3)(B), the deadlines imposed under Rules 4004(b) and 4007(c) have no bearing on whether the appellants claims were discharged.

Analysis of 11 U.S.C. § 523(a)(3) and § 523(c)(1) reveals that if the appellants were not listed on the schedule of creditors before October 28 and had no actual knowledge of the bankruptcy proceeding, the deadlines they sought to extend did not apply to them.

Rule 4007(c) precludes the bankruptcy court from granting an extension of time to determine the dischargeability of any debt pursuant to § 523(c). Rule 4007(b) provides that any other complaint may be filed at any time. 11 U.S.C. § 523(c)(1) provides that except as provided in subsection (a)(3)(B) of § 523, a debtor is discharged from all debts of a kind specified in paragraph (a)(2), (a)(4), or (a)(6) of § 523 unless on request of the creditor to whom such debt is owed and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6) of subsection (a). The appellants argue before this court that their claim falls under § 523(a)(3)(B), the exception to the general rule announced in § 523(c)(1). At no point were the defendants barred under the deadlines established pursuant to Rule 4007(c) from claiming an exception to discharge under § 523(a)(3)(B). But the appellants did not make that argument before the bankruptcy court, and nothing in the bankruptcy court's order determines that issue.

The appellants moved for an extension of deadlines imposed pursuant to Rules 4004(b) and 4007(c). Rule 4007(b) provides that a complaint other than one under § 523(c) may be filed at any time. The appellants now inform the court that they were not seeking leave to file a complaint under § 523(c). They did not, however, inform the bankruptcy court of that intent. The only facts put before the bankruptcy court by the appellants' motion were that the appellants had filed the state court suit on April 1 (June 16 motion, ¶ 1) based on

claims potentially non-dischargeable or sufficient for objection to dischargeability (¶ 2), that the debtor had moved to reopen on May 14 (¶ 3), that the appellants had received notice of the reopening on May 28 and the order and notice on June 15 (¶ 4), that the dates in the order and notice antedated the order and notice, making it impossible for the appellants to file their complaint or objection (¶ 5), thus denying the appellants their right to due process (¶ 6).

The bankruptcy court reasonably treated the appellants' motion as one for an extension of deadlines imposed pursuant to Rule 4007(c) for filing a complaint under § 523(c), an extension that it could not grant. The appellants did not seek a determination as to whether they fall under the § 523(a)(3)(B) exception to discharge, nor did the bankruptcy court decide whether the appellants were entitled to such an exception from discharge. The court only held that it could not extend the deadlines to file a complaint under § 523(c), set pursuant to Rules 4004(b) and 4007(c). If, as the appellants assert, their claims fall under 11 U.S.C. § 523(a)(3)(b), the bankruptcy court's deadlines have no effect on the dischargeability of their claims. Accordingly, the appellants were not denied due process by the court's refusal to extend those deadlines.

The appellants mistakenly assume that the bankruptcy court's reopening and subsequent closing of the bankruptcy case without affording them an opportunity to file a complaint to determine dischargeability violated their right to due process. The filing of an amended creditor schedule after discharge has been granted in a no-asset Chapter 7 case has absolutely no effect on the dischargeability of debt. *In Re Mendiola*, 99 B.R. 864 (Bankr.N.D.Ill. 1989); *In Re Karamitsos*, 88 B.R. 122 (Bankr.S.D.Tex.1988). Accordingly, bankruptcy courts have refused to reopen closed no-asset cases to amend creditors' lists because any such amendment has no legal effect. *See In Re Mendiola*, 99 B.R. 864; *In Re Karamitsos*, 88 B.R. 122. Although the bankruptcy court did not refuse Ms. Bakehorn's request to reopen her case

484

to amend the list of creditors, that amendment had no effect on the debtors' rights.

 Reopening a closed case to permit amendment to the schedule of creditors does not affect the application of § 523(a)(3)(B) one way or the other. *In Re Mendiola*, 99 B.R. 864. Reopening a case to list additional creditors does not extend the time to file complaints to determine dischargeability. Either the creditor had actual, timely notice of the case or it didn't; amending the schedules will not change that. *In Re Karamitsos*, 88 B.R. at 123.

 Similarly, denial of a motion to extend deadlines under Rule 4007 has no legal effect as to a creditor's right to obtain an exception to discharge under 11 U.S.C. § 523(a)(3)(B). *In Re Mendiola*, 99 B.R. at 868 n. 6. In effect, a debtor who fails to list a creditor loses the jurisdictional and time limit protections of Section 523(c) and Rule 4007(b). *Id.* In other words, the time limits imposed by Rule 4007(b) did not apply to the appellants. The court cannot find reversible error based on court orders which had no effect on the appellants' rights.

The appellants seek a declaration from this court that the debtor's debt to American Standard is not discharged pursuant to 11 U.S.C. § 523(a)(3)(B). At least one court in this circuit has concluded that because § 523(c), by its own terms, does not apply to § 523(a)(3)(B) claims, the exclusive jurisdiction provisions of § 523(c) are not applicable to the issue of dischargeability under § 523(a)(3)(B). *See In Re Mendiola*, 99 B.R. at 868 n. 6. However, regardless of whether this court may have jurisdiction to determine the issue in a separate action, the court does not believe it proper to do so in its appellate role. Because the issue of dischargeability under § 523(a)(3)(B) was not argued in the bankruptcy court, this court lacks a sufficient factual record to make such a determination.

In short, the bankruptcy court did not deny the appellants an opportunity to claim that their debts were excepted from discharge pursuant to § 523(a)(3)(B). The court denied a motion to extend a deadline for filing a complaint pursuant to § 523(c),

after the deadline's expiration, an act beyond the court's authority under the bankruptcy rules. In light of Rules 4004(b) and 4007(c), the bankruptcy court did not err in denying a motion that contained no suggestion that the appellants claimed they were entitled to an exception to discharge under § 523(a)(3)(B). The appellants challenge the denial of a motion they did not make in the bankruptcy court and which had no effect on any legal rights they may still have.

Accordingly, for the foregoing reasons, the orders of the bankruptcy court are AFFIRMED.

SO ORDERED.