**In re John Michael LYMAN, Debtor.**

**Edward KRAKOWIAK, Richard Murray, Mary Murray, Dennis Miller, Lynn Miller, Bernadette Bunnings, R.V. Genisio, Marjorie Genisio, Hubby Habjan, Kenneth Larsen, Gail Larsen, Elmer Lauffenburger, Gladys Lauffenburger, Arthur Platt, J. Steven Sepiel, Donald A. Dale, James Carrier, Geraldine Carrier, Jack Mitchell, Gail Mitchell, Eleanor Loevy, as Independent Executor of the Estate of Milton Loevy, Linda Halvorsen, John Sohl, Eugene O. Korey, John Ganser, Andrew Schaeffer, Katherine Schaeffer, Fred Thurston and Marie Thurston, Plaintiffs,**

v.

**John Michael LYMAN, Defendant.**

**Bankruptcy No. BK 92–40084.
Adv. No. 93–4103.**

United States Bankruptcy Court,
S.D. Illinois.

April 28, 1994.

Jeffrey M. Goldberg & Associates, Chicago, IL, for plaintiffs.

Steven Stanton, Edwardsville, IL, for debtor/defendant.

## ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

On January 27, 1992, John Lyman (debtor) filed a chapter 7 bankruptcy petition. A matrix listing four creditors was filed the same day. On February 11, 1992, debtor filed his schedules and a signed verification of matrix.[1] All of the named plaintiffs in the instant adversary proceeding were listed as unsecured creditors on debtor's schedules, but none of them were listed on the matrix. As a result, plaintiffs did not receive timely notice of debtor's bankruptcy proceeding nor of the deadline for filing complaints under 11 U.S.C. § 523. Plaintiffs first learned of the bankruptcy case on December 28, 1992—seven months after the time for filing dischargeability complaints had expired—when counsel for plaintiffs received a letter from debtor's attorney advising that a bankruptcy proceeding had been filed and that the automatic stay was in effect.[2]

On December 20, 1993, one year later, plaintiffs filed the instant adversary complaint alleging that the debts owed by debtor to them are nondischargeable under 11 U.S.C. §§ 523(a)(2) and (4).[3] Plaintiffs also alleged that they "were not provided with notice of any deadlines to object to the dis-

1. The Verification of Creditor Matrix filed by debtor provided: "The above named Debtor(s) hereby verifies that the attached list of creditors is true and correct to the best of our knowledge."

2. The letter from debtor's counsel was in response to a citation to discover assets filed by plaintiffs in state court.

3. Plaintiffs had previously filed a complaint against debtor in state court alleging fraud and conspiracy to defraud. On November 10, 1987, the state court entered judgment in favor of plaintiffs and against debtor in the total approximate amount of $789,000.00 in compensatory damages and $125,000.00 in punitive damages.

chargeability of any of John Michael Lyman's indebtedness in this proceeding." Plaintiff's Complaint, ¶ 16. In response, debtor filed a motion to dismiss the complaint on the basis that it was not filed within the time period established by Bankruptcy Rule 4007(c). Debtor also contends that the complaint should be dismissed pursuant to the equitable doctrines of laches or estoppel since plaintiffs did not file their complaint until one year after receiving notice of debtor's bankruptcy case.

Section 523(c)(1) of the Bankruptcy Code provides:

*Except as provided in subsection (a)(3)(B) of this section,* the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

11 U.S.C. § 523(c)(1) (emphasis added). Under Bankruptcy Rule 4007(c), section 523(c) complaints must be filed "not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." Bankr.R. 4007(c). In the present case, the deadline for filing dischargeability complaints was May 25, 1992, and plaintiffs' complaint was not filed until December 20, 1993.

█ Plaintiffs rely on section 523(a)(3)(B) to support their argument that the complaint should not be dismissed and that the debts owed by debtor to them are nondischargeable. That section provides:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt. . . .

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit. . . .

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely

request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request. . . .

11 U.S.C. § 523(a)(3)(B). Plaintiffs contend that the purpose of this section is to preserve the rights of creditors who are not provided with timely notice of a bankruptcy proceeding. They further contend that because they were not given notice of debtor's bankruptcy case in time to file a dischargeability action, their complaint falls within section 523(a)(3)(B).

In his motion to dismiss and accompanying brief, debtor argues that plaintiffs fail to meet the statutory requirements set forth in section 523(a)(3)(B). Specifically, debtor contends that because he listed plaintiffs as unsecured creditors in his *schedules,*[4] plaintiffs do not satisfy section 523(a)(3)(B)'s requirement that they be "neither listed nor scheduled." According to debtor, section 523(a)(3)(B) is therefore inapplicable. Debtor asserts that neither the Code nor the rules specify the procedure for the filing of a dischargeability complaint by a "scheduled" creditor who receives notice of the bankruptcy filing after the expiration of the deadline for filing 523(c) complaints. Debtor concludes that the Court must apply "federal principles of statutory construction and equity to determine the reasonableness of the plaintiffs' delay in filing the [instant] complaint. . . ." Brief in Support of Motion to Dismiss Complaint, p. 15.

█ It is clear that, under 11 U.S.C. § 523(a)(3)(B), "[a] debt is excepted from discharge if it was not scheduled in time to permit timely action by the creditor to protect the creditor's rights, unless the creditor had notice or actual knowledge of the case." 3 *Collier on Bankruptcy,* ¶ 523.13[2] at 523.13 (15th ed. 1993). "Proper scheduling requires the correct name and address of creditors on the debtor's schedules and lists." Ginsberg, *Bankruptcy: Text, Statutes, Rules,* § 11.06(f) at 918–19 (2d ed. Supp. 1991). "Behind this requirement are basic due process considerations of notice; that is,

---

4. Debtor concedes that plaintiffs were omitted from the matrix.

a creditor must be informed about the bankruptcy to enable it to take necessary steps to protect its interests." *Id.* at 919.

In the instant case, the Court must determine whether a debt is excepted from discharge under section 523(a)(3)(B) when the creditor to whom the debt is owed is listed on debtor's schedules but not on the matrix. The same issue was raised by the court in *Gulf Electroquip, Inc. v. Rodriguez,* 132 B.R. 991 (E.D.La.1991). In that case, Gulf Electroquip was listed as an unsecured creditor in debtor's schedules but was omitted from the matrix. As a result, the creditor did not receive formal notice of the deadline for filing dischargeability complaints. Its complaint objecting to dischargeability was not filed until six months after the deadline had expired. While the central issue in *Gulf Electroquip* was whether the creditor had received actual notice of the bankruptcy proceeding prior to the expiration of the deadline for filing complaints, the court first explained:

> When a debt is not listed or scheduled in time to permit the creditor to file a timely request for determination of discharge, the creditor is not foreclosed from establishing that the debt is nondischargeable, unless the creditor had notice or actual knowledge of the case in time to file its request timely. 11 U.S.C. § 523(a)(3)(B). *The Fifth Circuit has held that this rule applies when a creditor is not listed on the mailing matrix. In re Adams,* 734 F.2d 1094 (5th Cir.1984).

*Id.* at 992 (emphasis added).

In *Matter of Adams,* cited by the court in *Gulf Electroquip,* debtor listed the correct address of a certain unsecured creditor on his schedules but listed an incorrect address on the matrix. Relying on a local rule that required the filing of a matrix, both the bankruptcy court and district court held that the matrix was a part of the bankruptcy schedules and that a creditor who is omitted from, or incorrectly listed on, the matrix is not "duly scheduled" within the meaning of section 17a(3) of the Bankruptcy Act.[5] In affirming the district court, the Fifth Circuit held:

> [W]e determine that the district court has not misconstrued the label matrix rule. Our determination rests, in large part, on the fact that the label matrix has assumed the role of the schedules for notice purposes and that this fact is sufficiently clear that parties filing these label matrices should recognize this without having it spelled out in the rule. It is clear that one of the primary purposes of the list of creditors in the schedules is to provide to the court information as to persons entitled to notice.... [I]t should have been evident without explanation that [the matrix] was to be used to address notices to these creditors. Knowing that the label matrix would be used for notice purposes, debtors should also realize that mistakes in the label matrix will result in creditors failing to receive notice.

*Matter of Adams,* 734 F.2d at 1102–03 (citations omitted). Noting the inequity that would otherwise result, the Court further stated:

> Were we to hold that the district court's interpretation of this rule is erroneous, mistakes in listings given by the debtor to the clerk's office that result in creditors failing to receive notice would result in the discharge of debts of creditors who had no notice or knowledge of the bankruptcy proceedings solely through the fault of the debtor, a result previously unknown in bankruptcy proceedings. Such a result would be neither reasonable nor equitable. Thus, we hold that by assuming one of the main functions of the bankruptcy schedules, the label matrix did, indeed, become part of those schedules and we do not think that the district court erred in so finding.

*Id.* at 1103.

This Court's local rules likewise require the filing of a matrix with the bankruptcy

---

**5.** Although *Adams* was decided under section 17a(3) of the former Bankruptcy Act, the same analysis and legal reasoning apply to section 523(a)(3)(B) of the Bankruptcy Code.

petition. Specifically, Local Rule 102(B) provides that "[a] matrix listing the complete name, address and zip code of each creditor must be filed with every petition in this court." Local Rule 102(B)(1) further provides that "[i]t is the debtor's responsibility to ensure that the mailing matrix includes all creditors listed in the schedules, and the matrix shall be verified with a statement substantially similar to the sample verification found at Appendix 1(a)."[6] In view of this rule and because the Court believes that the purpose of section 523(a)(3)(B) is to ensure proper notice to all creditors, the Court adopts the reasoning set forth in *Adams* and holds that when a creditor is omitted from the matrix, that creditor is not "scheduled" within the meaning of 523(a)(3)(B). As explained by the Court in *Adams,* to hold otherwise would result in the discharge of debts of creditors who, because of an error made solely by debtor, had no notice or knowledge of the bankruptcy proceeding. *Id.* Such a result would allow debtors to ignore what is mandated by the Bankruptcy Code—adequate notice to all creditors. Accordingly, since plaintiffs in the instant case were omitted from the matrix and had no notice or knowledge of debtor's bankruptcy proceeding in time to file a dischargeability complaint, the debts owed by debtor to them clearly fall within section 523(a)(3)(B).

■ Debtor contends, in addition, that the complaint should be dismissed pursuant to the equitable doctrines of laches or estoppel since plaintiffs did not file their complaint until one year after receiving notice of debtor's bankruptcy case. However, debtor has not cited any rule "that imposes a time limit for bringing a complaint to determine the dischargeability of a debt under section 523(a)(3); the bankruptcy rules simply do not provide one." *Gulf Electroquip,* 132 B.R. at

994. Instead, Rule 4007(b) expressly provides that "[a] complaint other than under § 523(c) may be filed at any time." Bankr.R. 4007(b).[7] As explained by one court:

> [A] creditor is not barred from filing a complaint to determine dischargeability under § 523(a)(2), (4), or (6), if the creditor was not scheduled in time to do so before the bar date or did not have notice or actual knowledge in time to do so. *The authorities teach that complaints to determine the dischargeability of such unscheduled debts are governed by Rule 4007(b), Federal Rules of Bankruptcy Procedure, which provides that such complaints can be filed at any time* .... As stated by the court in *American Standard Ins. Co. v. Bakehorn,* 147 B.R. 480, 484 (N.D.Ind. 1992), "[i]n effect, a debtor who fails to list a creditor loses the jurisdictional and time limit protections of Section 523(c) and Rule 4007[ (c) ]."

*In re Grant,* 160 B.R. 839, 844 (Bankr. S.D.Cal.1993) (emphasis added). Therefore, debtor's argument that the complaint should be dismissed pursuant to laches or estoppel is without merit.

Accordingly, for the reasons stated, IT IS ORDERED that debtor's motion to dismiss the complaint is DENIED.

---

**6.** The sample "Verification of Creditor Matrix" in Appendix 1(a) provides: "The above named Debtor(s) hereby verify that the attached list of creditors is true and correct to the best of my/our knowledge and that it corresponds to the creditors listed in my/our schedules."

**7.** Debtor concedes that "[s]ection 523(a)(3)(B) is expressly exempt from the exclusive jurisdiction and time limitations provided for in Section 523(c)(1)." Brief in Support of Motion to Dismiss Complaint, p. 9. According to debtor, "Rule 4007(b) ... provides an open-ended time period for the filing of a complaint which qualifies for the Section 523(a)(3) exception." *Id.*