**In re Jose Antonio SANTIAGO, Debtor.**

**Floyd IRONS, Appellant,**

**v.**

**Jose Antonio SANTIAGO; Isidora Rivera; and United States Trustee, Appellees.**

BAP No. CC–93–1619–HVB.
Bankruptcy No. LA–90–25199 KL.
Adv. No. LA–92–04986 KL.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Sept. 21, 1994.

Decided Dec. 8, 1994.

Daniel P. Willsey, Pasadena, CA, for appellant.

Before HAGAN, VOLINN and BRANDT,[1] Bankruptcy Judges.

### OPINION

HAGAN, Bankruptcy Judge:

Jose Antonio Santiago ("debtor") is the debtor in the above-captioned chapter 11 case. Floyd Irons ("Irons") filed an adversary proceeding against the debtor and several other parties not in bankruptcy. The bankruptcy court dismissed the complaint as untimely filed. From this order, the plaintiff appeals. For the reasons stated herein, we reverse the decision of the bankruptcy court.

### FACTS

The debtor filed this chapter 11 case on October 5, 1990. The last day for filing complaints objecting to dischargeability under section [2] 523(a)(2), (4), or (6) was January 7, 1991.

The uncontradicted evidence indicates Irons did not receive notice of the debtor's bankruptcy until April, 1991, at the earliest. The date for filing a complaint objecting to

---

**6.** The request by MPS for an award of its attorneys' fees and costs for prosecuting this appeal is ordered denied.

**1.** Honorable Philip H. Brandt, Bankruptcy Judge for the Western District of Washington, sitting by designation.

**2.** Unless otherwise indicated, "section" refers to the respective section of Title 11, United States Code.

discharge under section 523(a)(2), (4), or (6) had therefore elapsed three months earlier. Irons was not listed as a creditor in the debtor's schedules, nor have the debtor's schedules ever been amended to list Irons as a creditor.

Irons filed a proof of claim against the debtor in December, 1991. On November 2, 1992, Irons filed an action against the debtor to determine dischargeability. The complaint alleged the debtor, together with several other people (collectively, "defendants"), engaged in fraud against Irons. As against the debtor, Irons sought a holding that the debt was nondischargeable under sections 523(a)(2) and 523(a)(4). Irons sought compensatory and punitive damages against all the defendants.

The debtor filed a motion to dismiss the complaint on the ground Irons' nondischargeability complaint was untimely filed. This motion was based on section 523(c)(1) and Rule [3] 4007(c), which together provide that a creditor seeking a determination of nondischargeability must file its complaint within 60 days after the date scheduled for the first meeting of creditors.

After a hearing on March 18, 1993, the bankruptcy court dismissed the complaint. The "Order Dismissing Adversary Complaint" was entered May 12, 1993. The order contained brief findings of fact and conclusions of law summarizing the time frame outlined above, and held that "Floyd Irons did not file his Adversary Complaint within the time prescribed" by Rule 4007(c).

The transcript of the March 18 hearing indicates the court held Irons' complaint was untimely filed because he had actual knowledge of the bankruptcy for 19 months prior to the filing of the complaint. This delay, the court concluded, was too long, and violated a congressional intent that dischargeability complaints be dealt with in a timely manner.

Irons appeals the order dismissing his adversary proceeding.

**3.** Unless otherwise noted, all references to "Rule" are to the respective Rule of the Federal

## STANDARD OF REVIEW

"We review the bankruptcy court's conclusions of law *de novo* and its findings of fact under the clearly erroneous standard." *Manufacturers Hanover v. Dewalt (In re Dewalt),* 961 F.2d 848, 850 (9th Cir.1992).

## DISCUSSION

 Irons alleges the debts are nondischargeable under section 523(a)(2) or (4). Section 523(c)(1) requires:

> Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

11 U.S.C. § 523(c)(1). Rule 4007 provides in part:

> A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002.

F.R.B.P. 4007(c). Generally, therefore, a complaint to determine dischargeability must be filed within 60 days of the § 341(a) meeting, or the debt is discharged.

Section 523(c)(1) contains an exception to this general rule. Section 523(a)(3)(B) excepts from discharge any debt:

> (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
>
> \* \* \* \* \* \*
>
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this sub-

Rules of Bankruptcy Procedure.

section, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request; ....

11 U.S.C. § 523(a)(3)(B). Because section 523(a)(3)(B) is specifically exempted from the operation of section 523(c), it is governed by Rule 4007(b): "A complaint other than under § 523(c) may be filed at any time. A case may be reopened without payment of an additional filing fee for the purpose of filing a complaint to obtain a determination under this rule." F.R.B.P. 4007(b).

Irons contends his action is nondischargeable under section 523(a)(3)(B), that his complaint could thus be filed at any time under Rule 4007(b), and that the bankruptcy court therefore erred in dismissing the complaint. Irons is correct. One commentator explains section 523(a)(3)(B) this way:

The point is that a debt of the kind specified in section 523(a)(2), (4), or (6), to be discharged, must be listed or scheduled not only in time to permit timely filing of a proof of claim, but *also* in time to permit the filing of a complaint to determine dischargeability of the particular debt. Thus, a debt of the kind under discussion may be excepted from discharge because not timely listed or scheduled, and may be excepted from discharge even though timely listed or scheduled if the creditor timely files a complaint to except the debt from the discharge and succeeds in proving that the debt falls within the exception of section 523(a)(2), (4) or (6).

3 Lawrence P. King, *Collier on Bankruptcy* ¶ 523.13[5][b], at 523–94 (15th ed. 1994) (emphasis in original).

Two recent decisions of the Ninth Circuit supports this conclusion. In *Manufacturers Hanover v. Dewalt (In re Dewalt)*, 961 F.2d 848 (9th Cir.1992), the debtor did not properly list a creditor on her schedules. (The creditor was listed, but under a former name and with an incorrect address.) The creditor did not receive the notices of the debtor's bankruptcy, or of the deadline for filing a complaint to determine nondischargeability.

Seven days prior to the deadline, the creditor was informed of the bankruptcy. The creditor filed a complaint to determine nondischargeability over four months later.

The Court of Appeals reversed the rulings of both lower courts, and held the complaint should not have been dismissed. The issue presented was whether the creditor had received timely actual notice of the bankruptcy, such that it did not fall within section 523(a)(3)(B). 961 F.2d at 850. Rule 4007(c) requires that a creditor receive at least 30 days notice of the deadline to file a nondischargeability action. While the court indicated that time limit might under exceptional circumstances be increased or decreased, "[n]evertheless, the 30–day notice provision of Rule 4007(c) provides a guide to the minimum time within which it is reasonable to expect a creditor to act at penalty of default." 961 F.2d at 851. The court concluded: "Because the creditor received notice of the bankruptcy filing only seven days prior to the bar date, its complaint should not have been dismissed." *Id.*

The Ninth Circuit Court of Appeals's holding in *Dewalt* is that a creditor must generally receive at least 30 days notice of the deadline for nondischargeability actions, or the debt falls within section 523(a)(3)(B). In its opinion, the Ninth Circuit recognized that most creditors will have up to 80 days notice of the deadline. 961 F.2d at 851. The creditor in *Dewalt* had more than 120 days between the first notice of the bankruptcy and the date the complaint was filed—far more time than any scheduled creditor would have received. *Dewalt* recognizes that a creditor whose debt comes within section 523(a)(3)(B) because of inadequate notice is entitled to file a complaint much later than are creditors who receive notice. It is significant that the Ninth Circuit did not hold, or even suggest, that a limitations period might have run on the creditor's action under section 523(a)(3)(B).

A Court of Appeals case decided after entry of the order appealed from more directly considered the effect of section 523(a)(3)(B). In *Beezley v. California Land Title Co. (In re Beezley)*, 994 F.2d 1433 (9th Cir.1993), a debtor had filed a chapter 7 no-

asset case and received a discharge. The debtor subsequently realized he had failed to list a judgment creditor on his schedules, and moved to reopen the case so the discharge would be effective against that creditor. The court, writing per curiam, held the bankruptcy court did not abuse its discretion in refusing to reopen the case; either the debt fell under section 523(a)(3)(A) (debts other than those subject to section 523(c)), in which case it was discharged by section 727, or it fell under section 523(a)(3)(B), in which case it was neither discharged nor dischargeable regardless of whether the case was reopened. 994 F.2d at 1434.

Judge O'Scannlain, in a concurring opinion, provided an in-depth discussion of the legal analysis involved in the case. He summarized the proper analysis under the Bankruptcy Code as follows:

> Cal Land [the judgment creditor] has alleged ... that Beezley [the debtor] committed fraud in connection with the transaction that was the subject of its lawsuit against him, and that the debt evidenced by the default judgment it obtained against Beezley is therefore nondischargeable under section 523(a)(3)(B). Had Beezley listed this debt in his bankruptcy schedules, Cal Land would have been required under Bankruptcy Rule 4007(c) to litigate this nondischargeability question "within 60 days following the first date set for the meeting of creditors," which had long since passed when this litigation commenced. However, because Beezley failed to schedule the debt, Bankruptcy Rule 4007(b) affords Cal Land the right to litigate dischargeability outside the normal time limits, again in accordance with section 523(a)(3)(B). *See American Standard [Ins. Co. v. Bakehorn]*, 147 B.R. [480,] at 484 (N.D.Ind.1992) ] ("In effect, a debtor who fails to list a creditor loses the jurisdictional and time limit protections of Section 523(c) and Rule 4007(c)."). *See also In re Lochrie*, 78 B.R. 257, 259–60 (9th Cir. BAP 1987).

994 F.2d at 1441.

The cases agree that a debt within the requirements of section 523(a)(3)(B) is not subject to any time bar to file a complaint. *Glosser v. Parrish Real Estate (In re Grant)*, 160 B.R. 839 (Bankr.S.D.Cal.1993) contains an excellent summary of case law. In *Grant*, the creditor received notice of the debtor's bankruptcy three days after the last day to file a complaint to determine dischargeability. After a review of *Dewalt, Beezley*, and other cases, the court concluded:

> Here, the debtor gave the creditor notice after the date barring complaints objecting to dischargeability. Under the teachings of *Beezley*, and *American Standard Ins. Co. v. Bakehorn*, 147 B.R. 480, 483–84 (N.D.Ind.1992), a creditor is not barred from filing a complaint to determine dischargeability under § 523(a)(2), (4), or (6), if the creditor was not scheduled in time to do so before the bar date, or did not have notice or actual knowledge in time to do so. The authorities teach that complaints to determine the dischargeability of such unscheduled debts are governed by Rule 4007(b), Federal Rules of Bankruptcy Procedure, which provides that such complaints can be filed at any time. Indeed, Rule 4007(b) even provides for the reopening of a case without fee to file a complaint to seek such a determination. As stated by the court in *American Standard Ins. Co. v. Bakehorn*, 147 B.R. 480, 484 (N.D.Ind.1992), "[i]n effect, a debtor who fails to list a creditor loses the jurisdictional and time limit protections of Section 523(c) and Rule 4007(b) [sic]."

160 B.R. at 844 (alteration in original).

In *Krakowiak v. Lyman (In re Lyman)*, 166 B.R. 333 (Bankr.S.D.Ill.1994), several creditors received notice of the debtor's bankruptcy filing seven months after the last date for filing a dischargeability complaint. The creditors did not file their dischargeability action until one year after receiving notice. The court held neither laches nor estoppel applied to actions under section 523(a)(3)(B) and Rule 4007(b), and the creditors' nondischargeability action therefore was not time barred. 166 B.R. at 337.[4]

---

4. The Panel does not render any opinion on whether laches or estoppel may impose a time limit on cases filed under section 523(a)(3)(B) or Rule 4007(b).

Rule 4007(b) does not provide for any time limit for filing an action to determine dischargeability. It expressly provides that a closed bankruptcy case may be reopened without payment of a filing fee in order to determine such an action. Two Ninth Circuit Court of Appeals decisions, while not directly addressing the issue, have suggested no such time limit exists. Other cases support the conclusion that no time limit exists for filing such an action under Rule 4007(b). Indeed, the parties have not cited, nor has the Panel found, any reported case that imposed a time limit for filing an action under Rule 4007(b). Irons' complaint thus was not time barred by the Code or the Bankruptcy Rules.

The record indicates the debtor confirmed a chapter 11 plan that provides for a 100% payment to creditors and/or provides Irons' debt will not be discharged. This may render Irons' adversary proceeding moot but such issue is not present in this appeal.

### CONCLUSION

For the foregoing reasons, we REVERSE.