In re Jeffrey K. SIBLEY, Debtor.

Albert J. BROWN and Theresa M. Brown, Plaintiffs,

v.

Jeffrey K. SIBLEY, Defendant.

Bankruptcy No. 86–40303–WOR.
Adv. No. 4–86–4062.

United States Bankruptcy Court,
D. Massachusetts.

March 10, 1987.

Charles V. Olchowski, Greenfield, Mass., for plaintiffs.

Sebastian J. Ruggeri, Greenfield, Mass., for defendant (debtor).

## MEMORANDUM

JAMES F. QUEENAN, Jr., Bankruptcy Judge.

This case comes before the Court on the motion of the debtor, Jeffery K. Sibley (the "Debtor"), to dismiss the complaint of Albert and Theresa Brown (the "Claimants") to determine the dischargeability of a debt. The Debtor asserts two grounds for dismissal: (1) the Claimants did not file their complaint within the sixty day time period allowed by Bankruptcy Rule 4004(a); and (2) the Claimants failed to state a claim upon which relief can be granted. Bankr.R. 7012(b); Fed.R.Civ.Pro. 12(b)(6). We will deal with each defense in turn.

## I. FAILURE TO FILE WITHIN 60 DAY PERIOD UNDER BANKR. R. 4004(a)

Bankruptcy Rule 4004(a) states that complaints to determine dischargeability "shall be filed not later than 60 days following first date set for the meeting of creditors held pursuant to [11 U.S.C. § 341(a)]." The § 341 meeting was set for July 9, 1986, and was in fact held on that day. Sixty days from the § 341 meeting, calculated according to Bankruptcy Rule 9006(a), was September 8, 1986. The Claimants filed their complaint on September 9, 1986. The notice of § 341 meeting, sent out to all creditors and the Debtor by the clerk of court, erroneously set the final date for creditors to object to discharge or the dischargeability of debts as September 9, 1986. The clerk has the responsibility to set the § 341 meeting date and the date for filing on objections to dischargeability under Local Bankruptcy Rules 23(A)(1) & (7).

The Debtor argues that, regardless of the clerk's error, Bankr.R. 4004(a) sets an absolute bar to complaints after the 60 day time period. He asserts that the cutoff date of complaints is a "substantive" right, a right which cannot be abridged by local rules. The Claimants argue that they reasonably relied on the notice from the clerk's office, and should not suffer dismissal after they complied with the clerk's notice.

The Debtor's argument implies that this Court purposefully extended the deadline for filing complaints in its notice to creditors. The clerk's office, however, was merely observing its duties under Bankr. R. 4004(a) ("the *court shall* give no less than 25 days notice of the time so fixed [for filing complaints] to all creditors...." (emphasis added)) and under Local Rules 23(A)(1) & (7), which implement Rule 4004(a)'s requirement. In the course of fulfilling those duties, the clerk made an unfortunate error and set the wrong bar date. The Debtor and all creditors received the notice with this errant date included in it. The issue therefore becomes: between two equally innocent parties, who should suffer the consequences of the clerk's mistake?

This question raises curious problems under the structure of the Bankruptcy Rules. Bankruptcy Rules 4004(a) & (b) set out a clear scheme for time limits on filing dischargeability complaints and for extending that time. Bankr. R. 4004(b) is emphatic on the need for filing a motion to extend time before the bar date expires, and on the need for notice and hearing before such an extension. Bankruptcy Rule 9006(b)(3) reemphasizes Rule 4004's rigid procedure by providing that extensions of time can be granted by the court "only to the extent and under the conditions stated" in Rule 4004. These procedures, however, are primarily directed at situations where failure to act within a prescribed time period is due to the neglect or delay of the parties themselves. Here there is not culpability in that regard; the blame for delay rests squarely on the Court's and clerk's shoulders.

Fortunately, a district court in this circuit has mulled over the situation and ruled

that the bankruptcy court, when confronted by a late dischargeability complaint due to an error in its clerk's notice, may use its inherent equitable powers and allow the complaint to stand if equity would be served by ignoring the technical tardiness. *Francis v. Riso (In re Riso)*, 57 B.R. 789 (D.N.H.1986). The *Riso* court, on similar facts as this case, held that, by allowing the complaint to remain, the bankruptcy court was correcting an injustice caused by the clerk's mistake. *Riso*, 57 B.R. at 793. Furthermore, allowing the creditor to maintain his objection to discharge did not create a substantive right, but merely allows the creditor to *exercise* his substantive rights under 11 U.S.C. § 727(a)(1). *Id.*

We find no distinction between the facts in this case and the facts in *Riso*. Between the Debtor and the Claimants, the Claimants will suffer the greater harm if the Court rules against them. If one party must bear a loss, it should be the Debtor because he had notice of the erroneous date and had greater incentive to examine and correct the notice. It does not serve the Debtor well in equity to object to the complaint after the Claimants have reasonably relied on and complied with the erroneous notice. Therefore, pursuant to our inherent equitable powers, we hold that the Claimants' complaint was validly filed with this court.

## II. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A. *Claim Under 11 U.S.C. § 523(a)(4)*

■ Count I of the complaint contains the following allegations:

(1) The Claimants paid $2500 to the Debtor on April 14, 1986 as a down payment for plumbing services;

(2) The Debtor never performed the services;

(3) The Claimants requested several times that the Debtor return their money;

(4) The Debtor assured the Claimants that they would get their money back and forwarded to them a check for $2500;

(5) The Debtor had insufficient funds to satisfy his check to the Claimants; and

(6) The Claimants have never received their money back from the Debtor.

The Claimants assert that, as a result of the Debtor's actions, the $2500 debt is nondischargeable under 11 U.S.C. § 523(a)(4).

Section 523(a)(4) excludes from discharge "any debt ... for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Rule 8(a)(2) of the Federal Rules of Civil Procedure, adopted for adversary proceedings by Bankr.R. 7008, states that a claim for relief "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.Pro. 9(b), adopted by Bankr.R. 7009 for adversary proceedings, requires that "[i]n all averments of fraud ..., the circumstances constituting fraud ... shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

The Claimants' claim under Count I fails to even meet the threshold test under Federal Rule 8(a)(2). The facts alleged here simply do not establish a claim under § 523(a)(4), nor do they give the Debtor enough notice to prepare a defense to the claim. No fiduciary relationship is evident from the facts alleged, even if the truth of all the facts is assumed and all favorable inferences are given to the Claimants' facts. Nor do the Claimants attempt to suggest a theory of fiduciary responsibility from the facts. The facts alleged contradict any claim of larceny or embezzlement, because Count I states that the Debtor acknowledged that he owed the money to the Claimants, and in fact wrote a check purporting to return the money. Even if we infer that the Debtor wrote the check with the knowledge that it would bounce, the inference still does not establish a claim for larceny in the face of the Debtor's acknowledgement of the Claimants' ownership of the money.

### B. *Claim Under 11 U.S.C. § 523(a)(2)*

Count II of the Complaint presents a different situation. The Claimants make essentially the same allegations as stated in Count I and claim that they are entitled to relief under 11 U.S.C. § 523(a)(2)(A). Section 523(a)(2)(A) excepts from discharge any debt:

(2) for money, property, services, or an extension, renewal, or refinancing of credits, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

The Debtor argues that the Claimants have failed to meet the "short and plain statement" test in Federal Rule 8(a)(2) because the Claimants have not alleged facts from which fraudulent intent could be inferred. Debtor also points out that the Claimants have not identified any false pretense or false representation. The Claimants argue that their complaint should be read "in light of the basic policy behind the Federal Rules of Pleading"; namely, the emphasis on notice pleading and the de-emphasis of rigid technical pleading form. *See* 2A J. Moore, *Moore's Federal Practice* ¶ 8.13 (2d ed. 1986). Although the Claimants admit that Federal Rule 9(b) requires that allegations of fraud be pleaded with particularity, they point out that Rule 9(b) and Rule 8(a)(2) should be read together to emphasize simplicity and conciseness. The Claimants contend that all they must plead under Rule 9(b) is enough to give the Debtor notice, i.e., the date, perpetrator, and circumstances of the fraud.

■ The Claimants are correct in their assertion that Rule 9(b) only requires that the complaint appraise the Debtor of the fraudulent claim and of the acts that form the basis for the claim. *See Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir.1985). Specifically, the plaintiff must plead the time, place, and content of fraudulent representations, but need not plead the circumstances or evidence from which fraudulent intent could be inferred. *Id.* at 444; *McGinty v. Beranger Volkswagen*, 633 F.2d 226, 228 (1st Cir.1980).

■ Although the Claimant's complaint is not well-drafted, we cannot say that it does not give enough notice to the Debtor of the alleged fraud under § 523(a)(2)(A). Assuming the truth of the Claimants' facts and drawing all favorable inferences from them, fraud to obtain property could exist here. The best case for the Claimants is that the Debtor promised services solely in order to get a downpayment, without any intention of actually performing those services. The invalid check could have been an attempt to forestall any action by the Claimants. Although the Claimants must still prove intent, they have pleaded the essential matters: a representation alleged to be false (that the Debtor would perform plumbing services); and the time and place of the representation (the formation of the contract). Their pleading also alleges, through its reference to § 523(a)(2), that the Debtor fraudulently made the representation in order to obtain the $2500 deposit. Thus, the Debtor has received notice of all the matters required under the Federal Rules and the case law of this circuit. Although we regard the Claimants' pleading as almost too minimal, the dismissal of a complaint at the inception of a case is a serious matter and is not favored under the policies of the Federal Rules. *See* 2A J. Moore, *Moore's Federal Practice* ¶¶ 8.02, 8.13, 12.07[2.5] (2d ed. 1986).

The Debtor's motion to dismiss for failure to timely file the complaint is DENIED. The Debtor's motion to dismiss for failure to state a claim upon which relief can be granted is GRANTED for Count I of the Claimants' complaint and DENIED for Count II of the Complaint.

SO ORDERED.