In re James R. HALSTEAD, Debtor.

SAM MICHAEL SCHREIBER, MD., INC., Appellant,

v.

James R. HALSTEAD, Appellee.

Jerry BRYANT, John W. Warren, Dennis R. Hooper, Dale Madsen, and J.B. Racing, Appellants,

v.

James R. HALSTEAD, Appellee.

BAP Nos. CC–92–1362–PRiM, CC–92–1501–PRiM.
Bankruptcy No. SA 91–36722–JW.
Adv. Nos. SA 91–4136–JW, SA 91–4134–JW.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on June 16, 1993.

Decided Sept. 20, 1993.

**486**

Mark D. Wagner, Santa Ana, CA, for appellant Sam Michael Schreiber.

Charles W. Tourdot, Anaheim, CA, for appellants Jerry Bryant, et al.

Greg L. Eriksen, Orange, CA, for appellee James R. Halstead.

Before: PERRIS, RIEGLE,[1] and MEYERS, Bankruptcy Judges.

### *OPINION*

PERRIS, Bankruptcy Judge:

The appellants filed adversary proceedings to determine the dischargeability of debts after the deadline set forth in the original notice sent by the bankruptcy court but before the deadline set forth in a later notice which the bankruptcy court subsequently vacated. These appeals arise from the bankruptcy court's orders dismissing the complaints as untimely. We REVERSE the bankruptcy court's decision.

### FACTS

The debtor, James R. Halstead, filed a Chapter 7 petition on July 15, 1991. The debtor's schedules included as creditors Sam M. Schreiber, M.D., Inc. ("Schreiber"), the appellant in BAP No. CC–92–1362–PRiMe, and Jerry Bryant, John W. Warren, Dennis R. Hooper, Dale Madsen and J.B. Racing (collectively, "the Bryant plaintiffs"), the appellants in BAP No. CC–92–1501–PRiMe.[2]

On July 19, 1991, the bankruptcy court issued a notice ("the first notice") indicating, *inter alia*, that August 20, 1991, was the date set for the meeting of creditors held pursuant to 11 U.S.C. § 341 and that October 21, 1991, was the last day to file a complaint to determine the dischargeability of debts pursuant to 11 U.S.C. § 523(c). The appellants do not dispute that they received this notice. The Chapter 7 trustee continued the meeting of creditors to August 27, 1991, and held the meeting on that date. At the meeting, the trustee indicated that the meeting would be continued again and that all parties would receive notice of the continued hearing date.

On September 12, 1991, the bankruptcy court issued a notice ("the second notice") indicating that October 8, 1991, was the date set for the meeting of creditors and that December 9, 1991 was the last day to file a complaint to determine the dischargeability of debts pursuant to 11 U.S.C. § 523(c). Pursuant to the second notice, the Chapter 7 trustee held a meeting of creditors on October 8, 1991. On October 11, 1991, the bankruptcy court issued a notice to creditors stating that, due to inadvertence and clerical error, the second notice was mailed to creditors by mistake and that the second notice was vacated.

On December 6, 1991, the Bryant plaintiffs filed a complaint, under 11 U.S.C. § 523(c), to determine the dischargeability of a debt. On December 9, 1991, Schreiber also filed a complaint under section 523(c). The bankruptcy court granted the debtor's motion to dismiss both of the complaints as

---

**1.** The Honorable Linda B. Riegle, Bankruptcy Judge, District of Nevada, sitting by designation.

**2.** Schreiber and the Bryant plaintiffs will be collectively referred to as the appellants.

untimely. The appellants filed these timely appeals.[3]

## ISSUE

Whether the erroneous second notice issued by the bankruptcy court constituted grounds for equitable relief from the bar date of Fed.R.Bankr.P. 4007(c), given the fact that the bankruptcy court later vacated the erroneous notice.

## STANDARD OF REVIEW

■ Whether an erroneous bar date notice justifies relief from the bar date is reviewed for an abuse of discretion. *See In re Anwiler*, 958 F.2d 925, 929 (9th Cir. 1992) *cert. denied*, —— U.S. ——, 113 S.Ct. 236, 121 L.Ed.2d 171 (1992). A bankruptcy court abuses its discretion if it bases its ruling upon an erroneous view of the law or a clearly erroneous assessment of the evidence. *E.g., In re Rainbow Magazine, Inc.*, 136 B.R. 545, 550 (9th Cir. BAP 1992).

## DISCUSSION

■ Complaints to determine the dischargeability of debts pursuant to 11 U.S.C. § 523(c) must be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). Fed.R.Bankr.P. 4007(c). The bankruptcy court may extend the deadline, for cause shown, on a motion filed before the expiration of the time period. *Id.* Cases in the Ninth Circuit have generally strictly construed this rule. *See, e.g., In re Marino*, 143 B.R. 728, 732 (9th Cir. BAP 1992). Compliance with the deadline, however, is not a jurisdictional prerequisite and a court may apply equitable doctrines to relieve a party from a failure to strictly comply with the time limits in limited circumstances. *In re Santos*, 112 B.R. 1001 (9th Cir. BAP 1990); *see In re Anwiler*, 958 F.2d 925 (9th Cir.1992) *cert. denied*, —— U.S. ——, 113 S.Ct. 236, 121 L.Ed.2d 171 (1992).

The parties in this appeal do not dispute that the appellants' complaints were un-

timely. The question is whether the bankruptcy court should have exercised its equitable power to salvage the untimely complaints because the second notice issued by the court specified a later bar date.

In *In re Anwiler*, the Ninth Circuit addressed the effect of inconsistent notices issued by the bankruptcy court. In that case, the Ninth Circuit determined that the bankruptcy court abused its discretion in dismissing a complaint before the bar date set forth in a second erroneous notice. 958 F.2d at 929. The court reasoned that the bankruptcy court's equitable power under 11 U.S.C. § 105 should be used to salvage the complaint and prevent an injustice when the bankruptcy court, prior to the expiration of the first bar date, issues a second notice setting forth a later bar date and the creditor could reasonably believe that the second notice was operative. 958 F.2d at 928–29.

The question in this case is whether this equitable power should be used when the bankruptcy court vacates the notice containing the erroneous bar date. Our research uncovered no cases specifically addressing such a situation. The general principles set forth in *Anwiler*, Rule 4007(c) and *In re Dewalt*, 961 F.2d 848 (9th Cir.1992) indicate that this situation is best analyzed within the framework of reasonable reliance and by considering the length of time between the order vacating the erroneous second notice and the bar date set forth in the first notice.

■ As discussed in *Anwiler*, a bankruptcy court may grant equitable relief on the basis of an erroneous second notice only when a creditor could reasonably rely on the notice. As the debtor points out, a creditor cannot reasonably rely on a notice after it has been vacated by the court. A creditor could, however, rely on an erroneous notice until the time that it was vacated. Thus, the extent to which reasonable reliance upon the erroneous notice would prevent timely filing of a complaint would depend largely upon when the court noti-

---

**3.** Although these appeals involve separate adversary proceedings, separate motions and separate orders, we address them in a consolidated Opinion because both appeals raise identical issues.

fied the creditor that the erroneous notice had been vacated.

Rule 4007(c) and *Dewalt* provide some guidance on the amount of notice of an order vacating an erroneous bar date that a creditor must receive for a creditor to be granted equitable relief from the correct bar date. Rule 4007(c) requires the court to give all creditors not less than 30 days notice of the deadline. *Dewalt* looked to the 30 day notice requirement of Rule 4007(c) for guidance in determining whether the creditor had sufficient notice or actual knowledge of the bankruptcy case in time to file a timely request for a determination of dischargeability for purposes of 11 U.S.C. § 523(a)(3)(B). 961 F.2d at 851. Although *Dewalt* did not involve the same question as is raised in this case, the Ninth Circuit's willingness to look to the 30 day notice period of Rule 4007(c) is instructive.

■ Under these authorities, an order vacating a notice setting forth an erroneous bar date will preclude reasonable reliance on the erroneous bar date only if the order is sent to the creditors in time to permit a creditor to file a dischargeability complaint before the correct bar date. Under Rule 4007(c) and *Dewalt*, a creditor is entitled to 30 days notice of the correct bar date. Therefore, when the court has issued, prior to the expiration of the first bar date, a second notice setting forth a later bar date, creditors may reasonably rely on the second notice unless notice is sent to creditors at least thirty days prior to the original bar date [4] that the erroneous notice is vacated.

In these appeals, the bankruptcy court looked to whether the appellants had knowledge of the bankruptcy case rather than the effect of the erroneous bar date under the standards set forth in *Anwiler.* Although the court, at least in the Bryant plaintiffs' proceeding, looked to whether the erroneous second notice was corrected in time to allow a timely filing, the bankruptcy court did not provide notice of the

vacation of the second notice at least thirty days prior to the expiration of the original time period. Accordingly, we REVERSE the bankruptcy court's decision to dismiss these two proceedings.

---

**4.** Alternatively, a court may, using its powers under section 105, set the bar date at 30 days from the date of the order vacating the second erroneous notice. But if the court merely vacates the second notice, the second notice must prevail if the order vacating the erroneous notice is not sent in sufficient time to provide 30 days notice.