In re Alexander P. LOPEZ, Debtor.

Magdalena WILZIG, Appellant,

v.

Alexander P. LOPEZ, Appellee.

BAP No. CC–95–1451–VJO.
Bankruptcy No. LA93–21182 VZ.
Adv. No. LA95–01454 VZ.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Nov. 15, 1995.

Decided Jan. 23, 1996.

C. Casey White, Glendale, CA, for appellant.

Richard A. Brownstein, Tarzana, CA, for appellee.

Before: VOLINN, JONES, and OLLASON, Bankruptcy Judges.

## OPINION

VOLINN, Bankruptcy Judge:

### OVERVIEW

Bankruptcy Rule 4007(c) [1] requires a creditor in a case under Chapters 7, 11, and 12 of the Bankruptcy Code [2] to file a nondischargeability complaint pursuant to

---

1. **Time for Filing Complaint Under § 523(c) in Chapter 7 Liquidation, Chapter 11 Reorganization, and Chapter 12 Family Farmer's Debt Adjustment Cases; Notice of Time Fixed.** A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.
Fed.R.Bankr.P. 4007(c).

2. Unless otherwise stated, all references to "sections" and "rules" will refer to the Bankruptcy Code, 11 U.S.C. §§ 101 et seq., and Federal Rules of Bankruptcy Procedure 1001–9036.

§ 523(c) [3] within 60 days of the first date set for the meeting of creditors under § 341(a). In the instant case, the bankruptcy court clerk sent out two notices regarding the meeting of creditors. The earlier notice was designated "Notice Rescheduling the First Meeting of Creditors (341A) [sic]." The second notice was substantially in the form of Official Form 9 of the Bankruptcy Rules of Procedure providing for notice of the commencement of the bankruptcy case and the initial meeting of creditors held pursuant to § 341(a) and setting forth a specific date of a time limit for filing dischargeability claims. The appellant filed a § 523(c) complaint more than 60 days after the first notice, but within the time limit set by the second notice. The trial court dismissed the complaint on the grounds that it was untimely. We REVERSE.

## FACTS

On March 31, 1993, appellant Magdalena Wilzig initiated an involuntary bankruptcy case against Alexander P. Lopez. On November 22, 1993, Lopez stipulated to entry of the order for relief.

On September 30, 1994, the clerk of the bankruptcy court sent all listed creditors, including Wilzig, a notice titled "Notice Rescheduling the First Meeting of Creditors (341A)" ("the September notice"). The September notice appears to be a form order generated by the clerk to reschedule § 341(a) meetings. The notice contained several errors. First, it purported to amend a prior notice and to "reschedule" the meeting of creditors to November 14, 1994; however, there was no prior notice and no meeting of creditors had been previously scheduled. Second, it stated: "The automatic stay and other matters referred to in the original order have not been altered and continue in effect," however, the "original order," as indicated, did not exist. Third, the notice did not state a bar date

for filing dischargeability complaints as required by Rule 4007(c).

On November 15, 1994, approximately six weeks after the September notice was sent, the clerk of court sent creditors, including Wilzig, a second notice entitled "Notice of Commencement of Case Under Chapter 7 of the Bankruptcy Code, Meeting of Creditors, and Fixing of Dates" ("the November notice"). This notice, cast in terms of Official Form 9, as indicated, had no facial errors. It stated that the meeting of creditors would be held on December 12, 1994, and stated expressly that the bar date for filing complaints objecting to the dischargeability of certain debts was February 10, 1995. Wilzig filed her complaint on February 10. We note that 60 days after the date of the first meeting of creditors (November 14, 1994) set forth in the earlier notice was January 13, 1995.

On March 20, 1995, Lopez filed a motion to dismiss the complaint as late filed. The matter was heard on April 13, 1995. At the hearing, the court stated its understanding of the procedural facts:

> THE COURT: What happened in this case based upon the evidence given to me by the defendant moving party, is that the clerk of court issued a notice of 341(a) meeting of creditors, the first meeting of creditors—
>
> [Wilzig's Counsel]: That's right.
>
> THE COURT:—with a specific provision giving notice of the deadline for filing complaints under 4007(c).
>
> . . . .
>
> And then the clerk, because of a continued 341(a), issued a notice of that continued 341(a) and included not only the date for that continued 341(a) but a provision setting a second and separate deadline for the 4007(c) complaint deadline. Correct?
>
> [Wilzig's Counsel]: Correct.[4]

---

3. Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be

excepted from discharge under paragraph (2), (4), (6), or (15), as the case may be, of subsection (a) of this section.
11 U.S.C. § 523(c)(1) (as amended, October 22, 1994).

4. It is difficult to understand whether counsel agreed with the court's misapprehension of the

*Transcript* April 13, 1995 at 7:23–8:13 (Appellant's ER, exhibit 10).

The foregoing statement of facts is inaccurate in several respects: 1) The September notice purported to be a "rescheduling order"; 2) it did not contain a Rule 4007(c) deadline; 3) the later November notice purported to be a "case commencement" notice; and 4) although it set a deadline for filing dischargeability complaints, that deadline was the first one expressly set, not a "second and separate" deadline. The court may also have believed that the November notice purported to be a rescheduling notice.

The court found that the September notice constituted the "date first set" for the meeting of creditors. The court further found that Wilzig presented no evidence that she had reasonably relied on the November notice and declined to extend the filing deadline. Accordingly, the court dismissed the complaint as untimely.

## STANDARD OF REVIEW

■ The interpretation of Rule 4007(c) is a question of law reviewed *de novo;* findings of fact affecting the notice of bar dates are reviewed under the clearly erroneous standard. *In re De la Cruz,* 176 B.R. 19, 22 (9th Cir. BAP 1994). Whether circumstances such as an erroneous notice of the bar date justifies a trial court granting relief from the bar date is reviewed under the abuse of discretion standard. *See In re Anwiler,* 958 F.2d 925, 929 (9th Cir.) *cert. denied,* 506 U.S. 882 113 S.Ct. 236, 121 L.Ed.2d 171 (1992). "A bankruptcy court would necessarily abuse its discretion if it bases its ruling upon an erroneous view of the law or a clearly erroneous assessment of the evidence." *In re Rainbow Magazine, Inc.,* 136 B.R. 545, 550 (9th Cir. BAP 1992) (citation omitted).

## ISSUES PRESENTED

Whether the court abused its discretion by holding that the bar date of 60 days expressed in Rule 4007(c) was necessarily implicit in the earlier notice, although not set forth therein, and that the unexpressed date,

facts, but the brief colloquy falls short of an unqualified and intentional stipulation as to an

despite the anomalous appearance of the notice, over-rode the explicit bar date set forth in the subsequent notice which substantially conformed with Official Form 9.

## DISCUSSION

### I

■ Bankruptcy Rule 4007(c) sets the bar date for filing dischargeability complaints by stating that such complaints "shall be filed not later than 60 days following the *first date set for the meeting of creditors held pursuant to § 341(a).*" Fed.R.Bankr.P. 4007 (emphasis supplied). The rule continues: "The court shall give all creditors not less than 30 days notice of the time so fixed...." *Id.* "Section 523(c) as implemented by Rule 4007(c) places a heavy burden on the creditor to protect its rights." *In re De la Cruz,* 176 B.R. at 22.

■ A creditor with actual knowledge of a bankruptcy case has an affirmative duty to take action to protect its claim even where it receives no notice of the bar date. *In re Dewalt,* 961 F.2d 848, 850 (9th Cir.1992); *In re Price,* 871 F.2d 97, 99 (9th Cir.1989). However, where the court misleads a creditor regarding the deadline for filing complaints, a bankruptcy court may employ its equitable powers under § 105(a) to hold a complaint timely filed. *In re Anwiler,* 958 F.2d 925, 929 (9th Cir.1992).

If a creditor receives contradictory notices, the "heavy burden" imposed by Rule 4007(c) is attenuated by the clerk's error. For example, in *Anwiler,* two notices setting conflicting deadlines for filing complaints were issued by two separate courts due to a change in venue. The trial court dismissed the complaint as late-filed. A panel of the BAP reversed, and the Ninth Circuit Court of Appeals affirmed the BAP's ruling stating, "if a court had made a mistake upon which a party relied to its detriment, a court could use its equitable power to grant relief and correct its mistake." 958 F.2d at 926.

erroneous factual statement.

544

In *In re Halstead,* 158 B.R. 485 (9th Cir. BAP 1993), creditors similarly received conflicting notices, but the court subsequently corrected its mistake by vacating the erroneous notice. The creditors, however, did not receive timely notice of the vacation. Although the BAP concluded that creditors could not rely on a vacated order, it nevertheless reversed dismissal of the late-filed complaints reasoning that the creditors' lack of notice that the order had been vacated in time to take effective action mitigated their erroneous reliance on the later date.

■ A review of cases dealing with notice issues demonstrates that rulings are dependent on the circumstances of each case. A creditor may be required to review the docket to ascertain the bar date; where the issue of late filing is raised, the court must review the circumstances and determine whether they are such as would prompt a creditor to investigate further and whether such investigation would be fruitful.

■ Because a creditor's actual knowledge of a bankruptcy case creates an affirmative duty to ascertain the bar dates, arguably the implication of the September notice of the existence of an earlier date set for the meeting of creditors should have elicited an attempt by the creditor to determine the earlier date. However, under the circumstances attendant here, a confusing problem was presented. An investigation of the docket would have shown that no earlier order had been entered. While this information could have led the creditor to the assumption that the September notice announced the "first date set," this conclusion is not readily apparent. Since the notice facially purports *not* to set the first date and refers to a prior effective order, this assumption could reasonably not have come to mind. In this instance, the erroneous notice placed the creditor in a worse position than no notice at all.

II

Nevertheless, the debtor contends that the deadline for filing claims should be derived solely by the timing of the notices, ignoring their content. Adoption of this view would yield an inequitable result. The defects and misdirected context set forth in the September notice created confusion at the outset. This, together with the apparently appropriate form and explicit direction of the November notice, should not result in the creditor being time-barred by an overly mechanistic application of Rule 4007(c).

■ To be effective, a notice which announces the running of a time period must do so clearly. Conversely, unless circumstances indicate otherwise, a party is entitled to rely on information issued by the court, and where such information is subsequently determined to be erroneous, fairness requires that the court correct its mistakes.

Although the date set for the meeting of creditors in the September notice literally constituted the first such date set, the notice, by purporting to reschedule an earlier date, concealed and obscured this vital information. Confusion was compounded by the absence of a stated bar date for filing claims, which is required by Rule 4007(c). The notice offered no indication that it had the legal effect of establishing the bar date for preserving important rights.

■ Parties are entitled to be notified in clear and unambiguous terms of deadlines, particularly when they are critical. Holding the September notice to constitute effective notice of the bar date would implicate due process concerns, since notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). A notice cannot be said to be "reasonably calculated" to afford interested parties an opportunity to protect legal rights where its factual premise is not readily discernible and is misleading.

This conclusion is buttressed by the fact that within the time set to file complaints (the day after the meeting of creditors was to be held), the clerk of court sent out the first (and only) case commencement notice. This notice set both the date for the meeting of creditors, and additionally, expressly set a bar date for filing complaints. Accordingly,

a creditor could reasonably conclude that the bar date provided in the November notice was correct.

As evidenced by the court's colloquy quoted above, the court did not consider the facial defects of the September notice nor the content of the November notice. Had the court been aware of these facts, it may well have ruled differently. Under the circumstances, the trial court should have invoked its discretion under § 105(a) to vacate the September notice and repair its uncertainty. The court abused its discretion by basing its decision on a clearly erroneous assessment of the evidence.

## III

Two other issues may be addressed briefly. The court ruled that the creditor failed to present any evidence of reliance on the November notice. In response, the creditor proposes that the requisite standard is not proof of actual reliance but simply a demonstration that the notice could induce reliance, citing *Halstead*, 158 B.R. at 487, which states that equitable relief should be granted when "the creditor *could* reasonably believe that the second notice was operable." (emphasis added) (citing *Anwiler*, 958 F.2d at 928–929). However, *Halstead* goes on to state that the court may grant equitable relief "*only* when a creditor could reasonably rely on the notice." *Id.* (emphasis added).

As this language implies, actual reliance is required, or else a negligent creditor would receive an unwarranted reprieve. Here, however, the burden of proof has been met by the admitted facts. The creditor's reliance on the bar date stated in the November notice is evidenced by the fact that she filed her complaint within the time, albeit on the last permissible date stated in the November notice.

Finally, the debtor argues that he was prejudiced because the creditor initiated the involuntary petition and then waited two years to file her complaint. However, the only time span relevant here is that between January 13, 1995 and February 10, 1995. The debtor does not demonstrate how this one-month delay created prejudice.

## CONCLUSION

The September notice was intrinsically unreliable and could not constitute adequate notice of the deadline for filing complaints. The creditor reasonably relied on the expressly stated later date. The trial court's ruling was based on a clearly erroneous assessment of the evidence, and is, therefore, reversed. These proceedings are remanded for the court to vacate the September notice and reinstate the creditor's complaint.

REVERSED and REMANDED.