**In re Antonio RODRIGUEZ, Debtor.**

**Bankruptcy No. 99 B 45798(REG).**

United States Bankruptcy Court, S.D. New York.

Oct. 25, 2000.

Ricardo R. Morel, New York City, for Debtor.

Hal M. Hirsch, Gainsburg & Hirsch LLP, New York City, Chapter 7 Trustee.

*OPINION AND ORDER WITH RE-SPECT TO MOTION, PURSUANT TO BANKRUPTCY CODE SEC-TION 707(a), FOR ORDER DIS-MISSING CASE*

ROBERT E. GERBER, Bankruptcy Judge.

By motion brought on for present-ment, to which no opposition was filed, the Trustee in this case moves for an order, pursuant to section 707(a) of the Bankrupt-cy Code, dismissing this chapter 7 case by reason of the debtor's failure to appear for his section 341 examination, as required by section 343 of the Bankruptcy Code. For the reasons that follow, the motion must be denied; the Trustee is, however, autho-rized and directed to proceed in the man-ner set forth below.

As the Trustee properly notes, section 343 of the Bankruptcy Code provides that the debtor shall appear and submit to ex-amination under oath at the meeting of creditors under section 341(a) of the Code. The Trustee's allegations are unchallenged that:

(a) the Debtor was scheduled to ap-pear at the initial meeting of creditors on November 11, 1999;

(b) at the request of the Debtor's counsel, an adjournment was granted, and the Trustee agreed to adjourn the meeting until January 13, 2000;

(c) the Debtor failed to appear and submit to examination at the January 13 meeting;

(d) the Debtor's counsel appeared at the Office of the United States Trustee after the meeting had been closed, and,

based on the Debtor's counsel's representation that he had been delayed due to court commitments, the Trustee agreed to adjourn the matter to the February 23 meeting of creditors;

(e) the Debtor once again failed to appear and submit to examination on February 23; and

(f) to date the Debtor has yet to attend a section 341 meeting of creditors.

The Trustee properly notes also that without an examination of the Debtor under oath, his ability to gather information concerning the nature, extent and location of assets "is severely impaired, if not eviscerated" (Mot. ¶ 5, typographical error corrected), thus preventing the Trustee from performing his statutory duties under the Code, and that it has impaired the Trustee's ability to administer the case. (*Id.* ¶ 6). He submits that such justifies dismissal for "cause." (*Id.*)

■ While the Court shares the Trustee's concerns, it finds that the requested remedy is ineffective and inappropriate to deal with the real issue, the discharge of the debtor under circumstances where the debtor was not examined. Though not addressed by the Trustee, this Court takes judicial notice, under Fed.R.Evid. 201(1) and (2), that the Debtor has already been discharged, by order dated June 15, 2000. Under Bankruptcy Rule 4004(a),[1] the

Trustee had 60 days after the time first set for the section 341 meeting (i.e., to January 10, 2000) to object to discharge, but did not do so. While a motion for an extension of the time to object to discharge could have been filed under Fed. R.Bankr.P. 4004(b),[2] and the Debtor's failure to appear for his section 341 examination would have constituted cause for such an extension, the time for filing such a motion for an extension of time likewise has already come and gone, under Bankruptcy Rule 4004(b). ("The motion shall be filed before the time has expired.") While the Court has no basis to conclude at this juncture that the questioning at the section 341 meeting would have revealed information suggesting that discharge would be inappropriate, an opportunity plainly relevant to the Trustee's opportunities (and responsibilities) in this area was thereby lost.

■ As Judge Bernstein of this Court noted in another chapter 7 case, with nearly identical facts, *In re Medina,* Case No. 96 B 44073(SMB), order dated Nov. 21, 1996, it is inappropriate to dismiss a chapter 7 case based on the debtor's lack of cooperation after the debtor receives a discharge. *Id.* at 1. The dismissal does not revoke the discharge order. *Id.* (citing *In re Depew,* 115 B.R. 965, 970 (Bankr. N.D.Ind.1989),[3] and Code section 349(b)).[4]

---

1. Bankruptcy Rule 4004(a) provides, in relevant part:

    In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under section § 341(a).

2. Bankruptcy Rule 4004(b) provides:

    On motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge. The motion shall be filed before the time has expired.

    Under Bankruptcy Rule 4004(c)(1)(e), "the court shall forthwith grant the discharge *unless* " such a motion to extend the time is pending. (Emphasis added). In other words, the pendency of a motion to extend the time to object to discharge is sufficient to at least temporarily result in the denial of discharge.

3. The Depew court noted:

    Congress saw dismissal and revocation [of discharge] as two separate events and acknowledged that the dismissal of the bankruptcy did not automatically carry with it the revocation of a discharge which was previously granted.

    *Id.*

4. Code section 349(b) provides, with an exception (relevant to SIPA proceedings) not relevant here, for the consequences that attend the dismissal of a case, including the vacatur (see section 349(b)(2)) of certain orders, judgments and transfers previously entered under the particular sections of the Code listed in section 349(b). The discharge is not one of them.

As further noted in *Medina,* dismissal confers all of the benefits but none of the burdens of bankruptcy on the debtor. As the relief the Trustee seeks does not go to the heart of the problem, and, indeed, provides the Debtor with benefits without the required burdens, the Trustee's motion is denied.[5]

■ As Judge Bernstein further noted in *Medina,* however, the Trustee has many weapons in his arsenal to compel the debtor to cooperate:

> In particular, he can obtain an order pursuant to Fed.R.Bankr.P.2004, and examine the debtor more thoroughly than at a section 341(a) meeting. If the debtor cooperates, the trustee can administer the case and file a final report. If, however, the debtor ignores the Rule 2004 order, the trustee can request her arrest, Fed.R.Bankr.P.2005, or sue to revoke her discharge, 11 U.S.C. § 727(d)(3), and seek to dismiss the case with prejudice. 11 U.S.C. § 349(a).

*Id.* at 1–2.

Thus, while the present motion is denied, this Court further authorizes and directs the Trustee, at his earliest reasonable convenience, to seek an order authorizing an examination of the Debtor pursuant to Bankruptcy Rule 2004, on notice of presentment returnable on 10 days notice if service is made by hand, or 13 days notice if service is made by mail. This Order is, of course, without prejudice to the rights of the Trustee with respect to any future matters that may be appropriate as a consequence of the failure of the

Debtor to appear at the 2004 examination, or facts the 2004 examination reveals.[6]

SO ORDERED.

to obtain a stipulation from the debtor or his counsel extending the time to object to discharge; in the event of a failure to return the stipulation, a motion to dismiss the case could be made.

For some reason, none of these practices was followed here. This proceeding evidences the wisdom of following through by one of those means

---

5. The Court believes that it is common, if not the usual practice, to avoid problems of this nature, for case trustees to report a debtor's failure to appear for a section 341 meeting to the U.S. Trustee, and for the U.S. Trustee then to take action, such as by timely obtaining an order requiring the debtor to appear for the 341 meeting (before the deadline for objecting to discharge), or by timely moving to extend the time to object to discharge. Another common measure—quick, inexpensive, and effective (if sought before the deadline for discharge has come and gone)—is for the trustee

6. It is also, of course, without prejudice to the rights of the Debtor in this regard.