

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>LETICIA MIRANDA-GARCIA,<br>                 Debtor. | BAP No. AZ-22-1053-LBF<br><br>Bk. No. 2:20-bk-08707-EPB |
| GREG BEST,<br>               Appellant,<br>v.<br>LETICIA MIRANDA-GARCIA; LOTHAR<br>GOERNITZ, Chapter 7 Trustee,<br>               Appellees. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the District of Arizona
Eddward P. Ballinger, Jr., Chief Bankruptcy Judge, Presiding

Before: LAFFERTY, BRAND, and FARIS, Bankruptcy Judges.

## INTRODUCTION

Creditor Greg Best appeals the bankruptcy court's order denying his

request to extend retroactively the deadline for filing a § 523(c)[1] complaint

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "Civil Rule" references are to the Federal Rules of Civil Procedure. "LBR" references are to the Local Bankruptcy Rules for the District of Arizona.

1

and related relief. Best argued that relief was warranted because, although he was aware of the deadline, he relied on the chapter 7 trustee's statement at the § 341(a) meeting that he would be seeking dismissal of the case for Debtor Leticia Miranda-Garcia's failure to appear. But the trustee did not move to dismiss the case because Debtor informed him that her failure to appear was due to COVID. A continued § 341(a) meeting was then scheduled without notice to creditors. The deadline for filing nondischargeability complaints passed, and the case essentially proceeded in due course.

Upon learning that Debtor had received a discharge, Best filed a motion to reopen and vacate the discharge, which the bankruptcy court granted. He then filed an untimely adversary proceeding seeking to except his debt from discharge. Next, he filed motions: (1) for relief from stay and to abstain from determining Best's claim, (2) to extend the deadline for objections to discharge, and (3) to dismiss Debtor's bankruptcy case. Debtor moved to reinstate the discharge. The bankruptcy court denied Best's motions and granted Debtor's.

The primary question underlying the motions was whether, under the facts before it, the bankruptcy court had the authority to extend the deadline for Best to file a nondischargeability complaint. The bankruptcy court found that although mistakes were made by others, in the end it was Best's responsibility to track the bankruptcy court docket to ensure that he filed a timely complaint, and neither the Code nor the Rules, as interpreted

2

by the Ninth Circuit, permitted the bankruptcy court to extend the deadline in the circumstances.

We AFFIRM.

## FACTS

Debtor filed a chapter 7 bankruptcy case in July 2020. Lothar Goernitz was appointed chapter 7 trustee ("Trustee"). Debtor listed Best on her Schedule F as a nonpriority unsecured creditor holding two unliquidated claims, and she included Best on her master mailing list. Best holds a state court judgment in excess of $1 million against Debtor and others and, as of the petition date, was litigating fraud and related claims against Debtor in a separate lawsuit.

The day after Debtor filed her petition, the bankruptcy clerk issued notice of the date of the First Meeting of Creditors ("First 341 Meeting") and the October 30, 2020 deadline for the filing of objections to discharge and dischargeability complaints. A few days before the First 341 Meeting, the bankruptcy clerk dismissed the case for Debtor's failure to pay the filing fee. Apparently unaware of the dismissal, Best and his state court counsel appeared for the First 341 Meeting.

A few days later, Trustee filed a Report of No Distribution, which contained form language stating:

> I, LOTHAR GOERNITZ, having been appointed trustee of the estate of the above-named debtor(s), report that this case was dismissed or converted. I have neither received any property nor paid any monies on account of this estate. I hereby certify

3

that the chapter 7 estate of the above-named debtor(s) has been fully administered through the date of conversion or dismissal. I request that I be discharged from any further duties as trustee. . . .

Nearly a month later, Debtor filed a motion to reinstate the case, which the bankruptcy court granted. The bankruptcy clerk issued a new notice of § 341(a) meeting ("Second 341 Meeting") and of the new deadline for objections to discharge and nondischargeability complaints, December 18, 2020 ("Bar Date"). It is undisputed that Best had notice of these dates. Best and his state court counsel appeared at the Second 341 Meeting, but Debtor did not. Trustee stated on the record he would be moving to dismiss the case due to Debtor's failure to appear.

Trustee never filed a motion to dismiss because, shortly after the Second 341 Meeting, he received a "frantic phone call" from Debtor in which she informed him that she had been unable to attend the meeting because she was dealing with COVID. He nevertheless filed another Report of No Distribution containing the same language as the first, including the verbiage that the case had been dismissed or converted. A week later, he filed a withdrawal of that report, which stated, "Trustee's Report in a dismissed case was filed in error."

Two weeks later, without notice to interested parties, Trustee conducted Debtor's § 341 meeting ("Third 341 Meeting"). Best did not appear, presumably because he lacked notice.

4

About a month later, Trustee filed a standard Report of No Distribution, which indicated that there were no funds for distribution and that the case had been fully administered. Eventually, the bankruptcy clerk closed the case and discharged Trustee of his duties. This was followed by the filing of a Notice that Case Was Closed Without Entry of the Discharge due to Debtor's failure to file her Financial Management Course Certificate, notice of which was provided to Best.

Three months later, Debtor filed her Financial Management Course Certificate and a motion to reopen, which the bankruptcy court granted. Her discharge was entered that same day, and the case was closed shortly thereafter.

After receiving notice of the discharge, Best hired counsel and filed a motion to reopen and vacate the discharge. Although it does not appear that Debtor filed anything in response to that motion, she appeared at the initial hearing on the matter to express her opposition, claiming she had proof that Best had been notified of the Third 341 Meeting.

The bankruptcy court set the matter for an evidentiary hearing, at which Trustee and Debtor testified. Trustee conceded that his office had mistakenly failed to provide notice of the Third 341 Meeting, and Debtor had no evidence to the contrary. The bankruptcy court thus granted the motion to vacate the discharge.

In September 2021, approximately nine months after the Bar Date, Best filed a complaint seeking a declaration of nondischargeability with

5

respect to his claim under §§ 523(a)(2) and (a)(6). He then filed a motion in the bankruptcy case seeking relief from stay to liquidate his pending claims against Debtor in state court and asking the bankruptcy court to abstain from hearing those claims. He also filed a motion to extend the deadline for filing objections to discharge, arguing that the bankruptcy court had authority under § 105(a) to set a new deadline to prevent an abuse of process.

Debtor filed a motion under Civil Rule 60, applicable via Rule 9024, to reconsider the vacatur of the discharge order. In response, Best moved to dismiss the bankruptcy case on the grounds that Debtor had failed to appear for her first two meetings of creditors, to provide documents to Trustee, and to provide notice of the Third 341 Meeting as required by the Local Bankruptcy Rules for the District of Arizona.

After a hearing, the bankruptcy court denied Best's motions and granted Debtor's. Best timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (G). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court abuse its discretion in denying Best's motion to extend the deadline for filing a nondischargeability complaint?

Did the bankruptcy court abuse its discretion in granting Debtor's motion to reinstate the discharge?

6

Did the bankruptcy court abuse its discretion in denying Best's motion to dismiss Debtor's case?

Did the bankruptcy court abuse its discretion in denying Best's motion for relief from stay and abstention?

## STANDARDS OF REVIEW

The bankruptcy court's interpretation of the Code and Rules is reviewed de novo. *Kir Temecula, L.P. v. LPM Corp. (In re LPM Corp.)*, 269 B.R. 217, 220 (9th Cir. BAP 2001), *aff'd*, 300 F.3d 1134 (9th Cir. 2002). De novo review means that we review the matter anew, as if the bankruptcy court had not previously decided it. *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

The bankruptcy court's rulings on a motion for relief from stay, a motion to extend the deadline to file a nondischargeability complaint, and a motion to dismiss a chapter 7 case are all reviewed for abuse of discretion. *Veal v. Am. Home Mortg. Serv., Inc. (In re Veal)*, 450 B.R. 897, 915 (9th Cir. BAP 2011) (relief from stay); *Willms v. Sanderson*, 723 F.3d 1094, 1103 (9th Cir. 2013) (motion to extend); *Mendez v. Salven (In re Mendez)*, 367 B.R. 109, 113 (9th Cir. BAP 2007) (motion to dismiss). An order granting reconsideration is also reviewed for abuse of discretion. *See First Ave. W. Bldg., LLC v. James (In re OneCast Media, Inc.)*, 439 F.3d 558, 561 (9th Cir. 2006) (order denying reconsideration).

To determine whether the bankruptcy court abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy

7

court "identified the correct legal rule to apply to the relief requested"; and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

## DISCUSSION

Although the bankruptcy court had several motions before it, the threshold question affecting all those motions was whether, under the circumstances, it had the authority to extend retroactively the deadline to file a nondischargeability complaint. Based on Ninth Circuit authority placing an affirmative duty on creditors to protect their claims, the bankruptcy court concluded that Best had not met his burden to show unique or extraordinary circumstances justifying an extension under Rules 4007(c) or 4004(b), even though Trustee's actions had created confusion. This determination supported or mooted the relief requested in the other motions. As discussed below, the bankruptcy court correctly interpreted the applicable law.

**A.** **The bankruptcy court did not abuse its discretion in denying Best's motion to extend the Bar Date.**

Rule 4007(c) provides,

a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in

8

the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Rule 9006(b)(3) provides that a "court may enlarge the time for taking action under Rule . . . 4007(c) . . . only to the extent and under the conditions stated in [that rule]."

Best acknowledges that he had notice of the Bar Date. He nevertheless relied on Trustee's representation at the Second 341 Meeting that he intended to dismiss the case for Debtor's failure to appear. Dismissal would have eliminated the Bar Date, and if the case were reinstated, new deadlines would have been set. Because this did not occur, and because he was not given notice of the Third 341 Meeting, he argues the bankruptcy court erred in not granting an extension of the Bar Date.

But as the bankruptcy court acknowledged, the time limits set forth in the Bankruptcy Rules are strictly construed. Further, "[a] creditor with actual knowledge of a bankruptcy case has an affirmative duty to take action to protect its claim even where it receives no notice of the bar date." *Wilzig v. Lopez (In re Lopez)*, 192 B.R. 539, 543 (9th Cir. BAP 1996) (citations omitted). *See also Lompa v. Price (In re Price)*, 871 F.2d 97, 99 (9th Cir. 1989) (even though debtor failed to list creditor on bankruptcy schedules, and creditor received no notice of bar dates, creditor was not entitled to extension of bar date when his state court counsel had notice of the bankruptcy filing in time to ascertain the bar date).

A bankruptcy court has **no** discretion to extend retroactively the deadline set in Rule 4007(c). *Anwar v. Johnson*, 720 F.3d 1183, 1186 (9th Cir. 2013). In *Anwar*, the creditor's counsel attempted to file nondischargeability complaints on the last day for doing so but, due to technical problems with his computer, he missed the midnight deadline by mere minutes. *Id.* at 1185-86. The Circuit affirmed the bankruptcy court's dismissal of the complaints as untimely: "Consistent with the plain language of FRBP 4007(c) and 9006(b)(3), we have repeatedly held that the sixty-day time limit for filing nondischargeability complaints under 11 U.S.C. § 523(c) is strict and, without qualification, cannot be extended unless a motion is made before the 60-day limit expires." *Id.* at 1187 (citations and quotation marks omitted).

Of course, *Anwar* is factually distinguishable because in that instance there was no confusion about the bar date. But, as noted above, even where a creditor lacks notice of the bar date, that does not automatically entitle that creditor to a retroactive extension of the bar date. Such an extension may be warranted only when the **court** was responsible for misleading the creditor. In that circumstance, the Ninth Circuit has held that the bankruptcy court has the equitable power under § 105(a) to correct its mistake. *Anwiler v. Patchett (In re Anwiler)*, 958 F.2d 925, 929 (9th Cir. 1992), *as amended on denial of reh'g* (Apr. 8, 1992).[2]

---

[2] The *Anwar* court cited *Anwiler* but explicitly stated that it was not deciding whether "external forces that prevented any filings—such as emergency situations, the

In *Anwiler*, the debtor filed his chapter 7 case in the Central District of California. The clerk of that court sent out the required notice of § 341(a) meeting and bar dates for filing complaints to determine dischargeability of debts and to object to discharge. Thereafter, the case was transferred to the Southern District of California. The clerk of that court sent out a new notice with later deadlines. Creditors filed a nondischargeability complaint after the earlier deadline but before the latter. Nevertheless, the bankruptcy court dismissed the complaint as untimely because it was not filed within 60 days of the date set for the first § 341(a) meeting. This Panel reversed, and the Ninth Circuit affirmed the Panel. The Circuit held that, although the time limits under Rules 4004 and 4007 are to be strictly construed, the bankruptcy court had equitable power under § 105(a) to correct its own mistake:

> Allowing a court to correct its mistakes is not inconsistent with the purpose of Bankruptcy Rules 4004 and 4007. Under the prior bankruptcy rules a party requesting an extension of time after the time to file had passed could plead excusable neglect. When the new rules eliminated excusable neglect as a remedy, the parties were put on notice that they must be diligent in pursuing their claims. The intent behind the rules is not circumvented by allowing an untimely complaint to stand when a party relied on a court document sent before the deadline had expired. It would be very harsh indeed to deny equitable relief in cases where the delay in filing is not due to

---

loss of the court's own electronic filing capacity, or the court's affirmative misleading of a party—would warrant [any equitable] exception" to the strict application of the filing deadline. *Anwar*, 720 F.3d at 1188 n.6.

11

> the fault of either party. While it is true that the Creditors could have made a motion to extend time if they were confused about the proper date for filing the complaint, Anwiler could have also asked the court for clarification. As between two innocent parties "[i]f one party must bear a loss, it should be the Debtor because he had notice of the erroneous date and had greater incentive to examine and correct the notice. It does not serve the Debtor well in equity to object to the complaint after the Claimants have reasonably relied on and complied with the erroneous notice."

*In re Anwiler*, 958 F.2d at 929 (*quoting Brown v. Sibley (In re Sibley)*, 71 B.R. 147, 149 (Bankr. D. Mass. 1987)). Because the confusion resulted from two courts setting two different deadlines, the Circuit agreed with the BAP that it would be an abuse of discretion to dismiss the complaint on the ground that it was untimely filed. *Id.*

Similarly, in *In re Lopez*, 192 B.R. 539, the bankruptcy clerk issued confusing notices regarding the § 341(a) meeting and bar dates for filing nondischargeability complaints. The first notice set a date for the § 341(a) meeting but did not include a bar date; the second set a new date for the § 341(a) meeting and included a bar date that was more than 60 days after the date scheduled for the first § 341(a) meeting. A creditor filed a nondischargeability complaint on the later bar date, and the bankruptcy court granted the debtor's motion to dismiss. The Panel reversed, holding that although creditors generally have an affirmative duty to ascertain bar dates, the ambiguous notices created confusion that warranted granting an extension:

Because a creditor's actual knowledge of a bankruptcy case creates an affirmative duty to ascertain the bar dates, arguably the implication of the September notice of the existence of an earlier date set for the meeting of creditors should have elicited an attempt by the creditor to determine the earlier date. However, under the circumstances attendant here, a confusing problem was presented. An investigation of the docket would have shown that no earlier order had been entered. While this information could have led the creditor to the assumption that the September notice announced the "first date set," this conclusion is not readily apparent. Since the notice facially purports not to set the first date and refers to a prior effective order, this assumption could reasonably not have come to mind. In this instance, the erroneous notice placed the creditor in a worse position than no notice at all.

*Id.* at 544.

On appeal, Best attempts to equate Trustee's actions to those of the bankruptcy court, arguing that he was misled by Trustee's statement that he would move to dismiss the case and Trustee's (and Debtor's) failure to comply with the local rules by giving notice of the Third 341 Meeting. He points out that Trustee and his counsel are officers of the court. Alternatively, he argues that the errors in this case were so egregious that there must be a remedy for them, and he urges the Panel to view them as "unique" circumstances that warrant an extension of the Bar Date. In light of the Ninth Circuit's pronouncements regarding the narrow circumstances in which a retroactive extension may be granted, however, we will not expand *Anwiler*'s holding to apply to Trustee's errors in this case.

13

Best emphasizes the failure to notice the rescheduled Third 341 Meeting. He correctly points out that the Local Bankruptcy Rules for the District of Arizona require the re-noticing of a continued § 341(a) meeting. *See* LBR 2003-1 and 2084-7.[3] The parties agree that this requirement was not met. But, as noted by the bankruptcy court, when a § 341(a) meeting is continued in a case that is not dismissed, the continuance does not impact the deadline for filing a nondischargeability complaint. *See In re Anwiler*, 958 F.2d at 927 ("Absent a motion to extend, the [bar] date, once set, does not change." (citations omitted)). Best erroneously conflates the requirement to notice the continued § 341(a) meeting with a requirement to re-notice the deadline for filing nondischargeability complaints.

Best also assigns error to the bankruptcy court's conclusion that a creditor who has knowledge of a bankruptcy has an affirmative duty to

---

[3] LBR 2003-1(a) provides:

Any request to continue the meeting of creditors, to consolidate the meetings of creditors, or to change the location of the meeting of creditors shall be directed to the United States Trustee in chapter 9 or 11 cases or to the case trustee in chapter 7, 12 or 13 cases. If the trustee grants the continuance, the requesting party must immediately file a notice of the new date, time, and location, and serve that notice on all creditors and parties in interest on the master mailing list, and file a certificate of service.

LBR 2084-7 provides:

For good cause, the trustee may reschedule or continue the meeting of creditors. If rescheduled, the trustee must request that the Clerk provide notice of the rescheduled meeting using the applicable ECF filing event so that service can be effected by the Clerk or Bankruptcy Noticing Center. If continued, the trustee will note the continued hearing date on the docket.

14

protect his claim. *See In re Lopez*, 192 B.R. at 543. But as the bankruptcy court pointed out, the docket never indicated that the case had been dismissed. And Trustee withdrew his report in a dismissed case on November 2, 2020, over a month before the Bar Date. Finally, as also pointed out by the bankruptcy court, any confusion could have been resolved with a phone call to Trustee. While we are sympathetic to Best's situation, the bankruptcy court did not misinterpret applicable Ninth Circuit authority in denying the motion to extend the Bar Date.

**B.      The bankruptcy court did not abuse its discretion in granting Debtor's motion to reinstate the discharge.**

Although the bankruptcy court did not explicitly state its rationale for granting Debtor's motion to reinstate the discharge, the record supports its ruling. The denial of Best's motion to extend the Bar Date eliminated the only applicable exception to the requirement to grant a discharge, *see* Rule 4004(c)(1)(E),[4] and Debtor had met the other requirements to receive a discharge. There was thus no reason to deny the motion. Best does not argue otherwise.

---

[4] That rule provides:

> In a chapter 7 case, on expiration of the times fixed for objecting to discharge and for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge, except that the court shall not grant the discharge if:
> . . .
> (E) a motion to extend the time for filing a complaint objecting to the discharge is pending[.]

15

**C.    The bankruptcy court did not abuse its discretion in denying Best's motion to dismiss.**

The bankruptcy court denied the motion to dismiss without any analysis, which Best argues was error. Best contends that cause existed to dismiss the case based on Debtor's failures to appear at two § 341(a) meetings and to provide required documents. He also argues that dismissal would have been an appropriate alternative to extending the Bar Date and would have remedied the wrong he suffered due to the mistakes made in this case. But dismissal under both §§ 707(a) and (b) is discretionary, and, given the bankruptcy court's denial of Best's motion to extend and its reinstatement of the discharge, denial of the motion to dismiss was appropriate.

In any event, dismissal would not have afforded any relief to Best because dismissal would not have automatically revoked the discharge. *Pavelich v. McCormick, Barstow, Sheppard, Wayte & Carruth LLP (In re Pavelich)*, 229 B.R. 777, 780 (9th Cir. BAP 1999), *as amended* (Feb. 22, 1999). *See also Rosado v. Corredera Pablos (In re Rosado)*, No. PR 11-081, 2012 WL 2564375, at 5 (1st Cir. BAP June 29, 2012) (reversing bankruptcy court's grant of motion to dismiss chapter 7 case that had been fully administered and discharged because creditors lacked constitutional standing, and the matter was moot because no relief could be afforded to the moving creditors, citing cases); *In re Rodriguez*, 255 B.R. 118, 121 (Bankr. S.D.N.Y.

16

2000) (dismissal after discharge confers all the benefits but none of the burdens of bankruptcy on the debtor).

**D.  Best's motion for relief from stay was rendered moot by the granting of Debtor's motion to reinstate the discharge.**

Although the automatic stay was in effect when Best filed his motion for relief from stay, the reinstatement of Debtor's discharge terminated the stay. § 362(c)(2)(C). The request for relief from stay was thus rendered moot, as the bankruptcy court could not have granted any effective relief. Best does not argue otherwise.

## CONCLUSION

For these reasons, the bankruptcy court did not abuse its discretion in denying Best's motions to extend the Bar Date, motion to dismiss, and motion for relief from stay, nor did it abuse its discretion in reinstating Debtor's discharge. We therefore AFFIRM.