In the Matter of Daniel W.
HAMBRIGHT, Debtor.

UNITED STATES of America, Appellant,

v.

Daniel W. HAMBRIGHT, Debtor, Joseph
Chrystler, Trustee, Appellees.

No. 1:97 CV 399.

United States District Court,
W.D. Michigan,
Southern Division.

Nov. 21, 1997.

Daniel M. LaVille, Asst. U.S. Atty., Michael H. Dettmer, U.S. Atty., Grand Rapids, MI, for Appellants.

William H. Shaw, Kalamazoo, MI, for Daniel W. Hambright.

Joseph Chrystler, Kalamazoo, MI, Pro se.

### *OPINION*

ENSLEN, Chief Judge.

This matter is before the Court on the Internal Revenue Service's ("IRS") appeal of an Order and Opinion issued by the Bankruptcy Court on April 3, 1997, disallowing appellant's proof of claim filed May 2, 1996. This Court has jurisdiction to consider this appeal pursuant to 28 U.S.C. § 158(a). For the reasons which follow, the decision of the Bankruptcy Court is affirmed.

### FACTS

On September 14, 1995, Daniel W. Hambright filed a Chapter 7 bankruptcy petition. The Notice of Commencement was sent to the parties on September 20, 1995. This Notice included the following statement:

Do not file a proof of claim until you receive a notice to do so. If assets are available for distribution another notice will be sent with a date for filing claims.

The first meeting of the creditors was scheduled and held on November 6, 1995, despite the fact that no creditors attended.

On December 14, 1995, the case was converted from a chapter 7 to a chapter 13 case. On December 22, 1995, the debtor filed amended schedules which disclosed unpaid federal taxes and other unpaid claims. On or before January 12, 1996, the court issued a Notice of Commencement for the converted Chapter 13 petition, which indicated that the order for relief for the case was still September 14, 1995 and advising creditors of the following:.

Claims which are not filed by April 30, 1996 (except 11 U.S.C. § 507(a)(8) claims) will not be allowed except as provided by law.

The government, however, did not file its proof of claim until May 2, 1996, 230 days after the order of relief was filed. Upon the Trustee's objection, the Bankruptcy Court disallowed the claims contained therein as untimely. In response, the IRS filed an objection to the disallowance. On April 3,

1997, having held a hearing on the matter, the Bankruptcy Court issued an Order and Opinion overruling the IRS's objection. It is from that Order and Opinion that the IRS takes this appeal.

### STANDARD OF REVIEW

Bankruptcy Rule 8001 provides that an appeal as of right may be taken from a final judgment, order, or decree of a bankruptcy judge to the district court. On appeal, a district court may affirm, modify, reverse or remand the case with instructions for further proceedings. This Court reviews conclusions of law determined by the Bankruptcy Court *de novo. In re New Center Hospital,* 187 B.R. 560, 565 (E.D.Mich.1995). Questions of fact, however, are reviewed under a clearly erroneous standard. *Id.*

### DISCUSSION

Appellant presents two issues for appeal: 1) whether the Bankruptcy Court abused its discretion by failing to toll the 180–day period during which the government may file a proof of claim; and 2) whether the Bankruptcy Court erred in disallowing the government's tax claim because the order setting the bar date explicitly exempted claims under 11 U.S.C. § 507(a)(8). The Court will review each issue in turn.

**Equitable Tolling**

■ Federal Rule of Bankruptcy Procedure 3002(c) defines the period during which a proof of claim will be considered timely filed. Generally, the bar date is 90 days after the date set for the first meeting of creditors. Rule 3002(c)(1), however, extends the bar date for a proof of claim filed by a governmental unit to "180 days after the date of order of relief." An order of relief is defined by 11 U.S.C. § 301 as "[t]he commencement of a voluntary case." In cases where the 180–day period is insufficient, the government may, on motion "before the expiration of such period and for good cause shown," request an extension of the time in which to file the proof of claim. Rule 3002(c)(1). Claims which are filed late may be disallowed under 11 U.S.C. § 502(b)(9), except to the extent that late filing is permitted by specific provisions of the Bankruptcy Code or Rules. 4 COLLIER ON BANKRUPTCY § 501.01[5][a][ii] (15th ed.1997).

Conversion of a case from one type of action to another will not change the date upon which the 180–day period begins to run. 11 U.S.C. § 348(a). Under § 348(a), "[c]onversion of a case from a case under one chapter to a case under another chapter of this title, ... does not effect a change in the date of the filing of ... the order of relief." Thus, the bar date for the government's proof of claim is not affected by conversion.

Appellant, however, does not argue that the proof of claim filed on May 2, 1996 was timely because the conversion advanced the starting point for the Rule 3002(c) limitations period or because some other section or rule applied.[1] Rather, appellant argues that the 180–day period should have been equitably tolled between September 20, 1995 and January 12, 1996. Appellant asserts that, because the Bankruptcy Court issued an order on September 20, 1995, instructing the parties not to file claims until further notice and then did not further instruct the parties until January 12, 1996, the entire period between those dates should be excluded from any calculation of the 180–day period.

With nothing in the Bankruptcy Code or Rules providing for such an exception to this statutory limitations period, the government must rely upon the equitable tolling doctrine. "Statutory filing deadlines are generally subject to the defenses of waiver, estoppel, and equitable tolling." *United States v. Locke,* 471 U.S. 84, 94 n. 10, 105 S.Ct. 1785, 1792 n. 10, 85 L.Ed.2d 64 (1985); *see also Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 95, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990) ("Time requirements in lawsuits ... are customarily subject to 'equitable tolling.' "). Assuming *arguendo* that this limitations period can be equitably tolled, appellant has not stated facts which would support granting such relief. Typically, equitable tolling is

called for where the moving party reasonably relied on misinformation, and either the debtor or the Bankruptcy Court acted in bad faith or otherwise to deprive the moving party of proper notice of the deadline. *See, e.g., In re Isaacman,* 26 F.3d 629, 636 (6th Cir.1994); *In re Halstead,* 158 B.R. 485, 487 (9th Cir. BAP 1993), *aff'd,* 53 F.3d 253 (9th Cir.1995). Unless the action of the moving party has been delayed by an outside force, there will generally be no cause to apply equitable tolling principles.

In the instant case, appellant has not alleged that any outside action prevented it from filing the proof of claim. Appellant has neither alleged purposeful wrongdoing on the part of the debtor or the Bankruptcy Court, nor has the government argued that the Bankruptcy Court negligently misinformed the government in some way which left it without notice of the filing deadline. On the contrary, the government concedes that the Bankruptcy Court gave the IRS over 100 days notice of the bar date. Indeed, there is no indication that the court's Order had any impact on the government whatsoever. But even if the IRS were arguing that it had not had sufficient time in which to file the proof of claim, the appropriate remedy would have been for the government to request an extension to the filing deadline pursuant to Rule 3002(c)(1) before the expiration of the limitations period. Rather than making such a request, the IRS simply ignored the Court's direct order to file claims by April 30, 1996, and then cried foul when the trustee objected. Given these facts, appellant's response to the Bankruptcy Court ruling belies its attempt to cover its own inexcusable neglect. Having found that the application of equitable tolling principles is not appropriate in this case, the Court affirms the decision of the Bankruptcy Court.

1. Applying the relevant Rules and Code sections, the Court notes that the bar date for appellant's claims was no later than April 30, 1996. Under Rule 3002(c), the bar date in this case would either have been February 6, 1996 (90 days after the first meeting of the creditors in the Chapter 7 action) or April 30, 1996 (90 days after the first meeting of the creditors in the Chapter 13 action). With the (c)(1) exception, however, the bar date falls 180 days after the order of relief filed September 14, 1995, on March 14, 1995. In addition, Rule 3002(c)(5) sets out an alternative method of calculating the bar date. Rule

3002(c)(5) provides that, in any action wherein a notice of insufficient funds has been issued, the clerk shall notify creditors when funds become available that they may file proofs of claim within 90 days after the mailing of the notice. In the instant case, had the Bankruptcy Court followed this rule, the bar date would have been approximately April 8, 1996. (There is some dispute about when this notice was mailed.) Thus, regardless of which method the court below applied, the bar date for appellant's claims was no later than April 30, 1996.

### Section 507(a)(8) Claims

██ Appellant also argues that, if the Court declines to accept appellant's first argument, it should, nonetheless, find that the Bankruptcy Court erred in disallowing the government's tax claim which falls under 11 U.S.C. § 507(a)(8). Because the Notice of Commencement setting the bar date specifically exempted claims of that type, the government asserts that, regardless of the bar date required by the Code and Rules, the "equities in the case" demand that the tax claim be allowed.

The Court begins by questioning why the Bankruptcy Court exempted these claims. Although *allowed* tax claims may take priority under certain circumstances, such priority does not exempt tax claims from the statutory filing deadlines. Nevertheless, the court's Order included the exemption and, as a result, appellant's equity argument carries more weight in this context since the Order could have mislead the IRS. But, as the Bankruptcy Court noted, that argument only withstands scrutiny if the IRS alleges that it relied on the January 12th Order to file the tax claim after April 30, 1996. Having previously argued, in effect, that it could and did ignore the January 12, 1996 Order because the filing period was tolled, the government cannot now argue in good faith that it did, in fact, rely on the Order's exception to file the § 507(a)(8) claims on May 2. Furthermore, in light of the fact that appellant filed all of the claim on May 2, 1996, instead of only exempting the § 507(a)(8) claims from the April 30 deadline as the Order instructs, it is clear that the former scenario is the only one supported by the facts. Consequently, the Court affirms the decision of the Bankruptcy Court on both issues, finding that no cause exists to reconsider the disallowance of appellant's tax claim under 11 U.S.C. § 502(j).

### CONCLUSION

For the foregoing reasons, the decision of the Bankruptcy Court disallowing appellant's May proof of claim is affirmed.