NOT FOR PUBLICATION

FILED

NOV 07 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP Nos.  CC-11-1410-HHaMk |
| ) | CC-11-1423-HHaMk |
| ANTONIA ALEMAN, ) | (Related Appeals) |
| ) | |
| Debtor. ) | Bk. No.  11-11734-RR |
| _____ ) | |
| ) | |
| ELIZABETH CAMPOS, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ) | |
| ANTONIA ALEMAN, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Submitted Without Oral Argument on
September 21, 2012

Filed - November 7, 2012

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Robin L. Riblet, Bankruptcy Judge, Presiding

———————————————

Appearances:     Appellant Elizabeth Campos pro se on brief;
Clifton Earl Reed, Esq. on brief for appellee
Antonia Aleman.

———————————————

Before: HOLLOWELL, HAMMOND[2] and MARKELL, Bankruptcy Judges.

———————————

    [1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

    [2] Hon. M. Elaine Hammond, United States Bankruptcy Judge for the Northern District of California, sitting by designation.

The appellant, Elizabeth Campos (Campos) appeals two orders of the bankruptcy court. BAP No. CC-11-1410 is an appeal of the bankruptcy court's order denying Campos a waiver of the filing fee for an adversary proceeding that Campos intended to bring to except her claim from discharge under § 523(a)(6).[3] BAP No. CC-1423 is an appeal of the debtor's discharge. For the reasons explained below, we DISMISS both appeals for lack of jurisdiction.

## I. FACTS[4]

On April 14, 2011, Antonia Aleman (the Debtor) filed a voluntary chapter 7 bankruptcy petition. The § 341 meeting of creditors was scheduled for May 10, 2011, and continued to June 1, 2011, so that the Debtor could submit additional documentation and information to the bankruptcy trustee.[5] A notice was sent to all creditors that the deadline to object to the Debtor's discharge or to challenge the dischargeability of any debt was July 11, 2011. The notice specified that if a

---

[3] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[4] In order to fully understand the facts underlying these appeals, we have taken judicial notice of documents filed with the bankruptcy court on its electronic docket. See See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1988); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[5] The Debtor amended her bankruptcy schedules on May 27, 2011, based on the additional documentation sought by the bankruptcy trustee.

-2-

creditor believed "that the debtor is not entitled to receive a discharge under Bankruptcy Code § 727(a) <u>or</u> that a debt owed . . . is not dischargeable under Bankruptcy Code § 523(a)(2), (4) or (6), [the creditor] must file a complaint or a motion . . . by the [deadline]."

Campos was listed on the Debtor's schedules as an unsecured creditor holding a claim in the amount of $6,500. The bankruptcy case docket reflects that Campos received notice of the deadline for bringing actions objecting to or excepting debts from discharge.

On June 2, 2011, the bankruptcy trustee filed a report of no distribution, finding that there was no property available for distribution from the estate over and above that exempted by the Debtor. In the report, the trustee stated that the estate had been fully administered and requested relief from any further duties.

On June 16, 2011, Campos filed an application requesting that the bankruptcy court waive the fee for filing an adversary proceeding (Motion to Waive AP Fee). Campos contended that she could not afford to pay the filing fee to initiate an adversary proceeding and that based on her income and disability, she was entitled to proceed with filing a nondischargeability complaint in forma pauperis (IFP).

Along with the Motion to Waive AP Fee, Campos included a copy of a complaint (Proposed Complaint), which she intended to file against the Debtor if the filing fee were waived. According to the Proposed Complaint, Campos had obtained a judgment in the

-3-

Ventura County Court (Judgment) in March 2011.[6] The Judgment stemmed from a 2009 incident involving Campos, who is disabled and uses a wheelchair along with a service dog, and her neighbors (including the Debtor), who Campos alleged willfully and maliciously caused their dog to attack her and her service dog. The attack resulted in severe injury to Campos' service dog that required $6,500 in veterinary expenses and forced Campos to obtain a replacement service dog. The Proposed Complaint sought a declaration that the Judgment was nondischargeable under § 523(a)(6).

Additionally, Campos asserted in the Proposed Complaint that the Debtor committed fraud by failing to fully disclose information regarding her marital status and dependents on her bankruptcy schedules.

On June 17, 2011, the bankruptcy court entered an order denying the Motion to Waive AP Fee (Fee Waiver Order); however, it did reduce the fee to $150.00.[7] On July 8, 2011, Campos filed a notice of appeal, challenging the bankruptcy court's authority to deny her IFP request.[8]

---

[6] Campos sued the Debtor in Ventura County Small Claims Court and appears to have also prevailed on an appeal of that order in the same court. See Appellee's Opening Br. at 2.

[7] No explanation accompanies the bankruptcy court's order regarding why the amount was set at $150.00, or what section of the Bankruptcy Code or other federal law authorized the reduction of the filing fee.

[8] On appeal, Campos asserts that because her IFP request to proceed with her appeal was transferred to the district court and
(continued...)

-4-

Also on July 8, 2011, the Debtor filed a motion requesting an extension of time to file the appeal. Campos did not, however, pay the reduced fee to file the Proposed Complaint or file the Proposed Complaint without paying the required fee. Campos also did not seek an extension of time to file the Proposed Complaint while her appeal of the Fee Waiver Order was pending. The deadline for filing nondischargeability actions passed on July 11, 2011, and the Debtor received a discharge on July 18, 2011 (Discharge Order).

On July 26, 2011, Campos filed an appeal of the Discharge Order, contending that the bankruptcy court erred in entering a discharge as to her claim.

On September 26, 2011, the Bankruptcy Appellate Panel (BAP) entered an order noting that the appeal of the Fee Waiver Order had not been filed within 14 days of its entry but that a motion for extension of time to file the notice of appeal was timely under Rule 8002(c)(2). However, because the bankruptcy court had not ruled on the extension motion, the BAP remanded the matter to the bankruptcy court for the limited purpose of ruling on the extension motion. On October 7, 2011, the bankruptcy court granted the extension of time to file the appeal.

---

[8](...continued)
subsequently approved by that court, the bankruptcy court lacked the authority to decide the Motion to Waive AP Fee. Moreover, she asserts that the approval by the district court of her request to proceed with her appeal IFP established her entitlement to have proceeded with the Proposed Complaint without paying the filing fee.

Campos requested to proceed with both her appeals IFP. Her request was transferred to the district court pursuant to 28 U.S.C. § 1915. On April 26, 2012, the district court granted Campos' request.

## II.  JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. § 1334 and 157(b)(2)(A). We address our jurisdiction under 28 U.S.C. § 158 below.

## III.  ISSUES

Do we have jurisdiction over the appeals?

If we have jurisdiction over the appeals, did the bankruptcy court err in entering the Fee Waiver Order and Discharge Order?

## IV.  STANDARDS OF REVIEW

We may raise the question of our jurisdiction over an appeal sua sponte. WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1135 (9th Cir. 1997) (en banc). Our jurisdiction, such as whether an appeal is moot, is a question of law that we address de novo. Menk v. Lapaglia (In re Menk), 241 B.R. 896, 903 (9th Cir. BAP 1999).

## V.  DISCUSSION

**A.  Fee Order**

Constitutional mootness is derived from Article III of the U.S. Constitution, which provides that the exercise of judicial power depends on the existence of a case or controversy. DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC), 391 B.R. 25, 33 (9th Cir. BAP 2008). The doctrine of constitutional mootness is a recognition of Article III's prohibition against federal courts' issuing

-6-

advisory opinions. <u>Church of Scientology of Cal. v. United States</u>, 506 U.S. 9, 12 (1980) ("It has long been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'") (internal citation omitted).

The mootness doctrine applies when events occur during the pendency of the appeal that make it impossible for the appellate court to grant effective relief. <u>Id.</u> The determining issue is "whether there exists a 'present controversy as to which effective relief can be granted.'" <u>People of Village of Gambell v. Babbitt</u>, 999 F.2d 403, 406 (9th Cir. 1993) (quoting <u>NW Envtl. v. Gordon</u>, 849 F.2d 1241, 1244 (9th Cir. 1988)). If no effective relief is possible, we must dismiss for lack of jurisdiction. <u>United States v. Arkison (In re Cascade Rds., Inc.)</u>, 34 F.3d 756, 759 (9th Cir. 1994).

After reviewing the record before us, we conclude that we cannot provide effective relief to Campos even if we were to reverse the Fee Waiver Order. The Proposed Complaint alleged that the Judgment was excepted from discharge under § 523(a)(6). Under Rule 4007(c), the Proposed Complaint had to be filed 60 days after the first date established for the § 341 meeting of creditors. <u>Schreiber v. Halstead (In re Halstead)</u>, 158 B.R. 485, 487 (9th Cir. BAP 1993) <u>aff'd and adopted</u>, 53 F.3d 253 (9th Cir. 1995) (Rule 4007(c) is strictly construed in the Ninth Circuit). Thus, creditors must act promptly to request a determination that a debt is nondischargeable or risk the consequence that it is discharged.

While Campos contemplated a timely filing of the Proposed Complaint, she did not actually file it. Nor did she seek an extension of time in which to file the Proposed Complaint while the appeal of the Fee Waiver Order was pending. Accordingly, the July 11, 2011 deadline to file complaints challenging the dischargeability of the Debtor's debts passed without Campos preserving her right to challenge the dischargeability of the Judgment. Neither the bankruptcy court nor the appellate court may grant an extension of time for the filing of dischargeability complaints once the deadline has passed. Rule 9006(b)(3); see also, Classic Auto Refurbishing, Inc. v. Marino (In re Marino), 37 F.3d 1354, 1358 (9th Cir. 1994).

Under these circumstances, we can offer Campos no effective relief even if we were to reverse the Fee Waiver Order. Any opinion on whether the bankruptcy court erred in entering the Fee Waiver Order now would be advisory. Kittel v. Thomas, 620 F.3d 949, 951 (9th Cir. 2010) (Constitution forbids issuance of advisory opinions). As a result, we dismiss BAP No. CC-11-1410 for lack of jurisdiction.

**B.    Discharge Order**

Campos asserts that it is a "flagrant abuse of judicial power" for the bankruptcy court to have entered the Discharge Order when she had appealed the Fee Waiver Order. See Appellant's Opening Br. at 1.

The timely filing of an appeal of a final order ordinarily divests a bankruptcy court of jurisdiction "'over those aspects of the case involved in the appeal.'" Sherman v. Sec. & Exch. Comm'n (In re Sherman), 491 F.3d 948, 967 (9th Cir. 2007).

-8-

However, the bankruptcy court retains jurisdiction over other proceedings related to the petition. Id. Therefore, even though Campos appealed the Fee Waiver Order, the bankruptcy court had jurisdiction to enter the Discharge Order.[9]

For the same reasons that we articulated above, reversal of the Discharge Order cannot provide Campos with effective relief, namely, the ability to have the Judgment declared nondischargeable. The deadline to challenge the Debtor's discharge has passed, and as we previously noted, neither this Court nor the bankruptcy court has the power to extend it. As a result, we lack jurisdiction over BAP No. CC-11-1423. Therefore, we do not reach the merits of either appeal.

### VI. CONCLUSION

For the foregoing reasons we DISMISS both the appeal of the Fee Waiver Order (BAP No. CC-11-1410) and the appeal of the bankruptcy court's entry of the Discharge Order (BAP No. CC-11-1423) on jurisdictional grounds.[10]

---

[9] Rule 4004 determines when a bankruptcy court may grant a discharge under § 727. It provides that "[i]n a chapter 7 case, on expiration of the times fixed for objecting to discharge . . . the court shall forthwith grant the discharge unless [one of twelve enumerated conditions exist.]" Rule 4004(c)(1). If none of those conditions exist, the bankruptcy court is required to promptly enter the discharge.

[10] We DENY Campos's request to the BAP to order the bankruptcy judge to pay her damages in the amount of $15,462.

-9-